**In re Private Complaint of Helen C. OWENS Against Jackie Coker, Appellant.**

**Appeal of Helen C. OWENS.**

Superior Court of Pennsylvania.

Argued June 11, 2001.
Filed Oct. 29, 2002.

Leon Williams, Philadelphia, for appellant.

Allyson Green, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: STEVENS, TAMILIA, and KELLY, JJ.

OPINION BY STEVENS, J.

¶ 1 Helen Owens appeals from the denial of her petition for independent review of a private complaint. We affirm.

¶ 2 This appeal stems from Appellant's allegation that on February 23, 1996, her great-nephew, Jackie Coker, fraudulently withdrew more than thirty thousand dollars from a bank account Appellant held jointly with her sister. More than four years passed before Appellant brought Coker's actions to the attention of the Philadelphia District Attorney's Office on August 15, 2000, by filing a private criminal complaint pursuant to Pa.R.Crim.P. 106.[1]

¶ 3 On October 3, 2000, the District Attorney's Office disapproved the complaint, explaining in a letter to Appellant that:

[I]t is the policy of the District Attorney's Office not to accept felony cases in the Private Criminal Complaint Unit. Most felony cases, including this one, require additional investigation before a decision can be made whether or not to proceed. The Private Criminal Complaint Unit is set up to handle misdemeanor cases in an efficient manner. We do not have facilities to conduct investigation in that unit.

The case against Mr. Jackie Coker would require statements to be taken from Ms. Owens, verification of the physical incapacity of Ms. Donald, as well as investigation at the bank to determine how this money was passed to Mr. Coker.

I have sent a memo to Captain Ditchkofski, Commanding Officer, East Detective Division, asking that he assign a detective to this investigation.

Item # 4 in your letter indicates that on February 23, 1999 the sisters had a joint passbook account. The date of this incident is February 23, 1996.[2]

I suggest you contact Captain Ditchkofski next week. Considering all the circumstances, the proper place for this case to be submitted is the Detective Division.

Appellant's "Petition for Independent Review of Private Criminal Complaint Pursuant to Rule 106 of the Pennsylvania Rules of Criminal Procedure" filed 10/25/00, exhibit B.

¶ 4 A detective was subsequently assigned, but when he contacted Appellant's counsel the detective was informed that Appellant would not cooperate in the investigation. N.T. 11/8/00 at 7. Instead, Appellant filed a "Petition for Independent Review of Private Criminal Complaint" with the Philadelphia County Court of Common Pleas. A hearing was held on November 8, 2000, and Appellant asserted that the District Attorney could not refuse

---

1. Rule 106 has since been amended and renumbered Rule 506. At the time Appellant filed her complaint the rule stated as follows:
   Rule 106. APPROVAL OF PRIVATE COMPLAINTS
   (a) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
   (b) If the attorney for the Commonwealth:
   (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
   (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision. Pa.R.Crim.P. 106(a)-(b).

2. Appellant filed an amended complaint to correct the date. The District Attorney's Office responded in an October 10, 2000 letter as follows: "Please be advised that our position has not changed. The proper agency for your case to be investigated is the Police Department." Appellant's "Petition for Independent Review of Private Criminal Complaint Pursuant to Rule 106 of the Pennsylvania Rules of Criminal Procedure" filed 10/25/00, exhibit D.

to accept a whole class of crimes as Appellant alleges was done in this case. N.T. 11/8/00 at 4. The District Attorney disagreed with Appellant's assertion that the sole basis for disapproving the complaint was a policy of not accepting private criminal complaints in felony matters. *Id.* at 7–8. Instead, the District Attorney argued that "as a separate policy matter we have decided not to prosecute even if [Appellant's] complaints takes a *prima facie* case [sic] because your case isn't capable of proof." *Id.* at 8. The District Attorney went on to explain that the passage of time and the mental condition of one of the persons involved would prevent the District Attorney from succeeding at trial, and resulted in the conclusion, as a matter of law, that the complaint was deficient on its face and provided insufficient information on which to base a prosecution. *Id.* at 9–10. At the conclusion of the hearing, the lower court deferred making a ruling, and the parties reconvened on January 18, 2001, at which time the lower court found that the disapproval of the complaint involved no abuse of discretion on the part of the District Attorney's Office, and that Appellant's due process rights had not been violated. N.T. 1/18/01 at 2.

¶ 5 On December 13, 2001, the lower court authored an opinion in support of its January 18, 2001 order, enunciating a standard of review set forth in *Michaels v. Barrasse,* 452 Pa.Super. 325, 681 A.2d 1362, 1364–1365 (1996), that "if the prosecutor's decision was based upon a policy determination that it would not be in the best interest of the Commonwealth to prosecute, the trial court must defer to the prosecutor's discretion absent a gross abuse of discretion." Trial Court opinion filed 12/13/01 at 5. The lower court then explained that:

> In light of the totality of the circumstances of this case, the policies advanced by the District Attorney re-

garding refusal to approve Appellant's private criminal complaint, and the lack of evidence of bad faith, fraud, or unconstitutionality, this Court did not abuse its discretion or commit an error of law by denying Appellant's request. *Id.* at 7.

¶ 6 Appellant filed the appeal currently before us on February 9, 2001, raising the following question for review: "Is a policy of the District Attorney of Philadelphia that refuses to accept any private criminal complaint that charges a felony and limits any felony prosecution to a police complaint, unconstitutional and undeserving of judicial deference?" Appellant's brief at 7. Appellant specifically alleges that the District Attorney relied on "hybrid rationale" for disapproving the private complaint; i.e. that (1) it was the policy of the District Attorney's Office not to accept private complaints regarding felonies, and (2) the complaint was insufficient to make out a *prima facie* case). *Id.* at 28. Appellant further asserts that such reliance deprives Appellant of substantive and procedural rights in violation of the 14th Amendment to the U.S. Constitution. *Id.*

¶ 7 When addressing an appeal from the disapproval of a private criminal complaint, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *In re: Private Complaint of Adams,* 764 A.2d 577, 579 (Pa.Super.2000); *Commonwealth v. Cooper,* 710 A.2d 76, 80 (Pa.Super.1998). Several cases clearly set forth the trial court's obligations in addressing the District Attorney's disapproval of a private criminal complaint.

> Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. *Commonwealth v. Cooper,* 710 A.2d 76 (Pa.Su-

per.1998). Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality.[2] *Id.* at 79. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. *Id.* at 80. On appeal, this court is limited to determining whether the trial court abused its discretion. *Id.*

2 The *Cooper* court adopted the bad faith/fraud/unconstitutionality standard for policy-based disapprovals because our supreme court unanimously agreed that such a standard was appropriate in *Commonwealth v. Brown,* 550 Pa. 580, 708 A.2d 81 (1998). The supreme court's decision in *Brown* is not binding precedent because there was no majority agreement on the primary issue in the case, i.e., whether the appellate court reviews the trial court's or the prosecutor's exercise of discretion. However, this court's subsequent approval of the standard in *Cooper* is indeed controlling and we follow it here. *See Cooper, supra* at 81 (district attorney's policy reason was valid in the absence of bad faith, fraud or unconstitutionality). Also, *Cooper* held that an appellate court reviews the decision and rationale of the trial court, not the district attorney.

*Adams,* 764 A.2d at 579.

¶ 8 Here, the District Attorney cited policy reasons for disapproving Appellant's complaint, but also considered the insufficiency of the complaint, thus, the trial court properly limited itself to a deferential review. *Adams, supra; Cooper, su-*

3. The majority of Appellant's brief contains an in-depth discussion of the history of private criminal prosecutions.

4. The Equal Protection/Due Process Clause of the Fourteenth Amendment to the United States Constitution directs that:
No state shall make or enforce any law which shall abridge the privileges or immu-

*pra.* Appellant argues that even under deferential review, the District Attorney's disapproval of the complaint was unconstitutional. A review of Appellant's twenty-eight page brief, however, reveals only one paragraph advancing that specific allegation.[3] Appellant baldly alleges that:

Since it was clearly violative of the 14th amendment's due process and equal protection clauses of the U.S. Constitution[4] to force Ms. Owens to trade her substantive rights and procedural rights under 16 P.S. Section 1409 and Rule 506 of the Pennsylvania Rules of Criminal Procedure, respectively, for a promise that the police will prosecute under Rule 507 of the Pennsylvania Rules of Criminal Procedure, the trial court abused its discretion and committed an error of law in ruling against Ms. Owen's Petition for Independent Review.

Appellant's brief at 27.

¶ 9 As a threshold matter, Commonwealth argues that "where an appellant fails to develop any argument, cite any authority, or make reference to the record to expound upon or substantiate the argument, the issue is deemed waived." Appellee's brief at 3 (*citing Commonwealth v. Farmer,* 758 A.2d 173 (Pa.Super.2000)). Even if we were to find Appellant's argument preserved, however, we find that it provides no relief.

¶ 10 In *Cooper,* a panel of this Court found a similar due process claim lacking as follows:

nities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
*Harrisburg School District v. Hickok,* 762 A.2d 398, 415 n. 26 (Pa.Cmwlth.2000).

Appellant does not allege that the trial court departed in any respect from Pa. R.Crim.P. 106 (establishing the procedure for handling private civil complaints). We have held that "the provision in the Rule allowing an appeal of the district attorney's disapproval of such charges to the court constitutes sufficient checks and balances upon the district attorney's actions to comply with constitutional due process requirements." *See Commonwealth v. Eisemann,* 308 Pa.Super. 16, 453 A.2d 1045, 1047 (Pa.Super.1982). Thus, appellant's due process claims lack merit.

*Cooper,* 710 A.2d at 81.

¶ 11 Neither may Appellant benefit from an equal protection claim. "The right to equal protection of the law under the Fourteenth Amendment guarantees that all persons similarly situated shall be treated alike." *Commonwealth v. Bell,* 512 Pa. 334, 343, 516 A.2d 1172, 1177 (1986) (citation omitted).

When addressing an equal protection challenge, we must initially ascertain the appropriate degree of scrutiny to which the challenged act is to be subjected. Equal protection analysis recognizes three types of governmental classification, each of which calls for a different standard of scrutiny. The appropriate standard of review is determined by examining the nature of the classification and the rights thereby affected.

In the first type of case, where the classification relates to who may exercise a fundamental right or is based on a suspect trait such as race or national origin, strict scrutiny is required. When strict scrutiny is employed, a classification will be invalid unless it is found to be necessary to the achievement of a compelling state interest.

The second type of case involves a classification which, although not sus-

pect, is either sensitive or important but not fundamental. Such a classification must serve an important governmental interest and be substantially related to the achievement of that objective.

The third type of situation involves classifications which are neither suspect nor sensitive or rights which are neither fundamental nor important. Such classifications will be valid as long as they are rationally related to a legitimate governmental interest.

*Bell,* 512 Pa. at 344–345, 516 A.2d at 1177–1178 (citations omitted). Here, Appellant has not shown that the right to file a private criminal complaint regarding a felony is a fundamental or important right, or that a suspect or sensitive classification is involved. Thus, a policy disapproving felony associated private criminal complaints is valid so long as it is rationally related to a legitimate governmental interest. Appellant makes no argument that the policy is not so related, and, as we noted above, the trial court gave proper deference in its conclusion that the District Attorney had a legitimate interest in disapproving the complaint.

¶ 12 Appellant has simply not proven to this Court that the trial court committed an abuse of discretion or an error of law in refusing to overturn the disapproval of Appellant's private criminal complaint. *Adams, supra.* Therefore, we affirm the order of January 18, 2001.

¶ 13 Affirmed.