J-S40035-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARTHUR BOMAR, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MARJORIE J. FOX, DISTRICT | : | |
| ATTORNEY, GREENE COUNTY, | : | |
| | : | |
| Appellee | : | No. 132 WDA 2015 |

Appeal from the Order Entered December 12, 2014,
in the Court of Common Pleas of Greene County,
Criminal Division, at No(s): CP-30-MD-0000149-2014

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 09, 2015**

Arthur Bomar (Appellant) appeals *pro se* from the order denying his petition for review of a private criminal complaint that was disapproved by the Greene County District Attorney's Office. We vacate the trial court's order and remand with instructions.

On October 15, 2014, Appellant, an inmate at the State Correctional Institution at Greene, submitted to the District Attorney's Office for approval a private criminal complaint against Correctional Officer (C.O.) Whipkey alleging that C.O. Whipkey subjected him to official oppression, sexual harassment, and ethnic intimidation.

By letter dated October 22, 2014, the District Attorney's Office disapproved Appellant's complaint.  That letter reads, in pertinent part, as follows: "Based upon a review of the information surrounding this case, we

*Retired Senior Judge assigned to the Superior Court.

are unable to approve your private criminal complaint. [The District Attorney's Office] is exercising its discretion in disapproving your complaint." Letter, 10/22/2014.

On November 18, 2014, Appellant filed a petition under Pa.R.Crim.P. 506 with the Greene County Court of Common Pleas seeking review of the District Attorney's disapproval. On December 12, 2014, the trial court issued an order denying Appellant's petition, finding that the District Attorney's Office did not abuse its discretion in disapproving Appellant's private criminal complaint. This timely appeal followed. The trial court did not order Appellant to file a statement of errors complained of pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellant raises three issues for our review, which can be summarized as follows: did the trial court abuse its discretion in denying Appellant's request for review of the denial of his private criminal complaint? Appellant's Brief at 3.

Our standard of review for a trial court's denial of review of a district attorney's approval or disapproval of a private criminal complaint is well-settled: "[o]n appeal, this [C]ourt is limited to determining whether the trial court abused its discretion." *In re Private Complaint of Adams*, 764 A.2d 577, 579 (Pa. Super. 2000) (citation omitted). Furthermore, this Court has provided that:

- 2 -

The District Attorney's decision not to prosecute a private criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the District Attorney's decision …. **We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable.** Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

*In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 215 (Pa.

Super. 2005) (citation omitted; emphasis added).

Several cases clearly set forth the trial court's obligations in addressing the District Attorney's disapproval of a private criminal complaint.

Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. ***Commonwealth v. Cooper,*** 710 A.2d 76 (Pa. Super. 1998). Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. ***Id.*** at 79. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. ***Id.*** at 80. On appeal, this court is limited to determining whether the trial court abused its discretion. ***Id.***

*In re Private Complaint of Owens Against Coker*, 810 A.2d 172, 175-76

(Pa. Super. 2002) (footnote omitted).

Rule 506 of the Rules of Criminal Procedure requires that, should the District Attorney disprove a private criminal complaint, the District Attorney "shall state the reasons on the complaint form and return it to the affiant." Pa.R.Crim.P. 506(B)(2). In its letter denying Appellant's complaint, the District Attorney's Office failed to indicate whether Appellant's complaint was denied based on a legal deficiency, a policy-based consideration, or a hybrid of both. Likewise, the record before us is devoid of any explanation of the trial court's determination. While our inquiry is limited to whether the trial court abused its discretion, without a clear indication of the manner in which the trial court was supposed to evaluate the actions of the District Attorney's Office, or the basis of the decision reached by the trial court, we are unable to evaluate whether the record contains reasonable grounds to support the trial court's decision. *Wilson*, 879 A.2d at 215. Accordingly, we vacate the order of the trial court and remand for further proceedings.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015

- 4 -