J-S03001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARTHUR BOMAR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARJORIE J. FOX, DISTRICT ATTORNEY, GREENE COUNTY | |
| Appellee | No. 902 WDA 2015 |

Appeal from the Order Dated May 11, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s): 34 Misc. 2014

BEFORE:  OLSON, SOLANO and STRASSBURGER*, JJ.

MEMORANDUM BY OLSON, J.:　　　　　　**FILED FEBRUARY 22, 2017**

Appellant, Arthur Bomar, appeals from the order entered on May 11, 2015 in the Criminal Division of the Court of Common Pleas of Greene County that affirmed the district attorney's denial of Appellant's private criminal complaint.  We affirm.

Appellant is currently incarcerated as a capital offender at the State Correctional Institute in Greene County (SCI-Greene).  In March 2016, Appellant filed a private criminal complaint with the office of the district attorney of Greene County.  The complaint alleged that on March 11, 2015, Appellant submitted a telephone slip to prison officials allowing him to telephone his attorney.  As the pre-arranged time for the call approached, Appellant asked a corrections officer to allow him to use the telephone. Appellant, who is an African-American and practicing Muslim, alleged that

* Retired Senior Judge assigned to the Superior Court.

the corrections officer, a Caucasian, refused to allow Appellant to make the call and directed racial epithets toward Appellant.

Based upon this incident, Appellant asked the district attorney's office to charge the corrections officer with various offenses, including official oppression (18 Pa.C.S.A. § 5301), ethnic intimidation (18 Pa.C.S.A. § 2710), and harassment (18 Pa.C.S.a. § 2709). On April 1, 2015, the district attorney's office forwarded a letter to Appellant advising that, in its discretion, the office had disapproved Appellant's complaint. The letter also suggested that Appellant contact the Department of Corrections' Office of Special Investigations and Intelligence, which was established to investigate inmate complaints, regarding his grievance.[1] On or about April 17, 2015, Appellant filed a petition asking the trial court to review the district attorney's disapproval of the complaint pursuant to Pa.R.Crim.P. 506. Finding no prosecutorial abuse of discretion, the trial court affirmed the district attorney's action by order dated May 11, 2015. Appellant lodged this appeal from that order.

Appellant challenges an order affirming the district attorney's denial of a private criminal complaint. In such cases, we determine whether the trial court abused its discretion or committed an error of law. ***In re: Private***

---

[1] In his appellate brief, Appellant alleges that he filed a complaint with the Office of Special Investigations and Intelligence "immediately after the incident." Appellant's Brief at 5.

*Complaint of Owens*, 810 A.2d 172, 175 (Pa. Super. 2002), *appeal denied*, 821 A.2d 587 (Pa. 2003). The trial court's obligations in addressing a district attorney's disapproval of a private criminal complaint are as follows.

> Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. On appeal, this [C]ourt is limited to determining whether the trial court abused its discretion.

*In re: Private Complaint of Owens*, 810 A.2d at 175-176 (internal citations omitted).

Appellant raises three issues in support of his claim. In his first issue, Appellant asserts that the trial court erred in failing to undertake *de novo* review since Appellant's rendition of the evidence was legally sufficient to establish *prima facie* causes of action. *See* Appellant's Brief at 8. We disagree with Appellant's position. The April 1, 2015 letter from the prosecutor neither discussed nor assessed the evidence set forth in Appellant's complaint. Instead, the letter referred Appellant to the Office of Special Investigations and Intelligence, if he sought further investigation. This suggestion is substantially inconsistent with Appellant's assertion that the district attorney's office concluded that Appellant's evidence was insufficient. Moreover, the trial court affirmed the prosecutor's disapproval

of Appellant's complaint after finding that "[t]he Commonwealth did not abuse its discretion[.]" Trial Court Opinion, 5/11/15, at 2. This finding strongly suggests that the trial court believed that the district attorney offered a policy-based determination that it would not be in the best interest of the Commonwealth to prosecute the alleged offenses. Since *de novo* review is appropriate only where the trial court determines that the prosecutor's decision is solely the product of a legal conclusion, there is no merit to Appellant's first issue. **See Commonwealth v. Cooper**, 710 A.2d 76, 80 (Pa. Super. 1998).

In his second issue, Appellant asserts that the trial court erred in denying independent review since the prosecutor's letter failed to articulate a clear statement of the policy upon which the disapproval decision was based. **See** Appellant's Brief at 10. Again, we disagree. Here, the district attorney exercised her discretion in declining to pursue charges against the corrections officer. Instead, without passing upon the substantive merit of Appellant's accusations, the prosecutor referred Appellant to the Office of Special Investigations and Intelligence, an agency within the Department of Corrections established to investigate inmate complaints. The underlying policy premise of the district attorney's actions is that the Office of Special Investigations and Intelligence may be better situated than the county district attorney's office to investigate and pursue complaints from inmates

concerning offenses committed within our state correctional facilities.[2]  This is a valid policy reason for the district attorney's decision.  *See Cooper*, 710 A.2d at 81 (availability of adequate civil remedy represents valid policy reason for rejecting private criminal complaint).  There is no evidence of bad faith, fraud, or unconstitutionality. Accordingly, the trial court did not abuse its discretion in affirming the denial of prosecution.

Appellant's final issue alleges that the office of the district attorney harbored an adverse bias against Appellant and his claims because of his race and his status as an inmate.  Appellant, however, fails to develop these claims with appropriate citation to the record or pertinent authorities.  *See* Pa.R.A.P. 2119(a) (requiring appellant to support his or her argument with pertinent analysis, including citation to and discussion of relevant authority and facts of record).  Hence, we constrained to find that Appellant has waived appellate review of these issues.[3]  *See* Pa.R.A.P. 2101 (allowing quashal or dismissal where defects in brief are substantial).

Order affirmed.

_____

[2] In this connection, we note that Appellant's criminal complaint alleged that the corrections officer's conduct was in violation of, among other things, the Department of Corrections' Code of Ethics and applicable sections of departmental regulations.  *See* Appellant's Criminal Complaint, 3/16/15.

[3] For similar reasons, we find Appellant has waived review of the due process claim he raises in his reply brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017