IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 129 C.D. 2018 |
| | : | Submitted: July 13, 2018 |
| Hon. Richard A. Lewis | : | |
| President Judge, Dauphin County | : | |
| | : | |
| Appeal of: Glue Wilkins | : | |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                                    FILED:  September 28, 2018


        Glue Wilkins (Wilkins) appeals the order of the Dauphin County Court of Common Pleas (trial court) affirming the decision of the Dauphin County District Attorney's Office to disapprove the filing of a private criminal complaint charging the Honorable Richard A. Lewis (Judge Lewis) with a number of crimes.[1]  We affirm.

---

[1] Pa. R. Crim. P. 506(A), (B)(2) states:

>     (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
>     (B) If the attorney for the Commonwealth:
>
>                                         * * *
>
>     (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant.  Thereafter, the

The history of Wilkins' present convictions and incarceration has been summarized by the Pennsylvania Superior Court as follows:

> On September 10, 2003, a jury found [Wilkins] guilty of Criminal Attempt (Homicide), Aggravated Assault, Robbery, Theft by Unlawful Taking, Terroristic Threats, Unlawful Restraint, and Possessing Instruments of Crime. On October 30, 2003, the Honorable Joseph H. Kleinfelter sentenced [Wilkins] to an aggregate term of imprisonment of 12 to [24] years, a fine of $1,000, and payment of the costs of prosecution.
>
> [Wilkins] filed a counseled appeal, which the Superior Court dismissed for counsel's failure to provide a transcript of the trial. [Wilkins] then filed three [*pro se*] [Post Conviction Relief Act (PCRA)[2]] motions. The PCRA court appointed counsel, and reinstated [Wilkins'] appellate rights. Appointed counsel sought leave to

affiant may petition the court of common pleas for review of the decision.

As the Superior Court has explained:

> When addressing an appeal from the disapproval of a private criminal complaint, our review is limited to determining whether the trial court abused its discretion or committed an error of law. . . . Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. On appeal, this court is limited to determining whether the trial court abused its discretion.

*In re Private Complaint of Owens Against Coker*, 810 A.2d 172, 175-76 (Pa. Super. 2002) (citations and footnotes omitted).

[2] 42 Pa. C.S. §§9541-9546.

> withdraw representation on appeal. By Memorandum
> Opinion and Order of February 13, 2006, the Superior
> Court granted counsel's petition to withdraw and affirmed
> the judgment of sentence. [*Commonwealth v. Wilkins*, 897
> A.2d 524 (Pa. Super. 2006).]

*Commonwealth v. Wilkins* (Pa. Super., No. 1607 MDA 2011, filed April 9, 2012), slip op. at 1-2 (citation omitted).

Thereafter, Wilkins filed private criminal complaints against a number of Commonwealth officials, including Judge Lewis, that were disapproved by the Dauphin County District Attorney's Office. Following a hearing before the Honorable David Grine (Judge Grine), the trial court affirmed the District Attorney's Office's decision and Wilkins filed the instant appeal, which was transferred to this Court by the Superior Court.

On appeal, Wilkins claims: (1) he, as an African American, is entitled to all of the due process rights and privileges guaranteed by the United States and Pennsylvania Constitutions; (2) the failure to provide adequate notice of the hearing violated his due process rights; (3) the inadequate notice of the hearing demonstrates racism by the courts; and (4) Judge Grine is a racist.

However, our review of the transcript of the trial court hearing reveals that while Wilkins argued that the notice that he received was not clear as to which of the many pending matters would be addressed at the hearing, he presented evidence and argument in support of his position and never argued that his due process rights were violated or that Judge Grine is a racist at that time. *See* N.T. 9/8/17[3] at 2-14. Rather, Wilkins first raised these claims in his Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal (Statement). Because Wilkins never

---

[3] "N.T. 9/8/17" refers to the transcript of the hearing conducted by Judge Grine in the trial court.

3

properly raised, preserved, or sought any relief in the trial court with respect to these claims, we are unable to address them in this appeal.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). As this Court has explicated:

> Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pennsylvania courts have consistently applied this rule. *Commonwealth v. Piper*, [328 A.2d 845 (Pa. 1974)]. The appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below[.] *Tarter v. Linn*, [578 A.2d 453 (Pa. Super. 1990)].

*Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) (footnote omitted).

Moreover, the fact that Wilkins eventually raised these claims in the Pa. R.A.P. 1925(b) Statement that he filed in the trial court does not preserve them for our review. As the Pennsylvania Supreme Court has stated:

> In general, a [Pa. R.A.P.] 1925(b) statement cannot resurrect an otherwise untimely claim or objection. Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance. Pa. R.A.P. 302. Pennsylvania law is clear that claims and objections that are not timely made are waived.

*Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009).[4]  This is particularly true where, as here, the claim impugns the trial court's ability to dispose of the matter properly.[5]  As a result, Wilkins has waived the foregoing issues for purposes of appeal.[6]

Accordingly, the trial court's order is affirmed.

---

[4] *See also Hinkal v. Pardoe*, 133 A.3d 738, 746 (Pa. Super.), *appeal denied*, 141 A.3d 481 (Pa. 2016) ("'Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.' Pa. R.A.P. 302(a).  Raising the issue in her 1925(b) statement does not cure that defect. 'A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.  A Rule 1925(b) statement of [errors] complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time.'") (citation omitted).

[5] It is presumed that a judge is unbiased and impartial, *Beharry v. Mascara*, 516 A.2d 872, 875 (Pa. Cmwlth. 1986), and that a judge has the competence to assess his ability to make rulings impartially and without prejudice.  *Commonwealth v. Tedford*, 960 A.2d 1, 55 (Pa. 2008).  It is also well settled that a party seeking recusal or disqualification of a trial judge must raise the objection at the earliest possible moment or the claim will be regarded as time barred.  *Reilly v. Southeastern Pennsylvania Transportation Authority*, 489 A.2d 1291, 1300 (Pa. 1985).

[6] To the extent that Wilkins has preserved any due process claim with respect to the trial court's hearing, it is patently without merit because he was not entitled to a hearing in the first instance.  As the Superior Court has explained, "a private criminal complainant is not entitled to an evidentiary hearing regarding the trial court's review of the Commonwealth's decision.  [T]he pertinent criminal procedural rule, Pa. R. Crim. P. 506, 'merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas[.]'" *Braman v. Corbett*, 19 A.3d 1151, 1160 (Pa. Super. 2011) (citation omitted).  *See also In re Private Complaint of Owens Against Coker*, 810 A.2d at 177 ("Appellant does not allege that the trial court departed in any respect from Pa. R. Crim. P. [5]06 (establishing the procedure for handling private civil complaints).  We have held that 'the provision in the Rule allowing an appeal of the district attorney's disapproval of such charges to the court constitutes sufficient checks and balances upon the district attorney's actions to comply with constitutional due process requirements.'  Thus, appellant's due process claims lack merit.") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
  :
       v.   : No. 129 C.D. 2018
  :
Hon. Richard A. Lewis   :
President Judge, Dauphin County   :
  :
Appeal of: Glue Wilkins   :

**PER CURIAM**

# **O R D E R**

AND NOW, this 28th day of September, 2018, the order of the Dauphin County Court of Common Pleas dated September 22, 2017, is AFFIRMED.