IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                                  :
            v.                    : No. 130 C.D. 2018
                                  : Submitted: March 15, 2019
Dale E. Klein, Esquire            :
Clerk of Court, Dauphin County    :
                                  :
Appeal of: Glue Wilkins           :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                        FILED: July 9, 2019


        Glue Wilkins (Wilkins) appeals *pro se* the order of the Dauphin County Court of Common Pleas (trial court) affirming the decision of the Dauphin County District Attorney's Office (District Attorney) to disapprove the filing of a private criminal complaint charging Dale E. Klein, Esquire, Dauphin County Clerk of Court (Clerk of Court) with a number of crimes.[1]  We affirm.

_____

        [1] Pa. R. Crim. P. 506(A), (B)(2) states:

        (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

        (B) If the attorney for the Commonwealth:

                                * * *

        (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant.  Thereafter, the

The history of Wilkins' present convictions and incarceration has been summarized by the Pennsylvania Superior Court as follows:

> On September 10, 2003, a jury found [Wilkins] guilty of Criminal Attempt (Homicide), Aggravated Assault, Robbery, Theft by Unlawful Taking, Terroristic Threats, Unlawful Restraint, and Possessing Instruments of Crime. On October 30, 2003, the Honorable Joseph H. Kleinfelter sentenced [Wilkins] to an aggregate term of imprisonment of 12 to [24] years, a fine of $1,000, and payment of the costs of prosecution.
>
> [Wilkins] filed a counseled appeal, which the Superior Court dismissed for counsel's failure to provide a transcript of the trial. [Wilkins] then filed three [*pro se*] [Post Conviction Relief Act (PCRA)[2]] motions. The PCRA court appointed counsel, and reinstated [Wilkins'] appellate rights. Appointed counsel sought leave to withdraw representation on appeal. By Memorandum Opinion and Order of February 13, 2006, the Superior Court granted counsel's petition to withdraw and affirmed the judgment of sentence. [*Commonwealth v. Wilkins* (Pa. Super., No. 459 MDA 2005, filed February 13, 2006)].

*Commonwealth v. Wilkins* (Pa. Super., No. 1607 MDA 2011, filed April 9, 2012), slip op. at 1-2 (citation omitted).

Thereafter, Wilkins sought to file private criminal complaints against a number of Commonwealth officials, including the Clerk of Court, that were disapproved by the District Attorney. Wilkins alleged that the officials willfully and maliciously refused to complete the certified record in his criminal case by withholding the preliminary hearing transcript, the sentencing hearing transcript, and

---

affiant may petition the court of common pleas for review of the decision.

[2] 42 Pa. C.S. §§9541-9546.

a medical report. Following a hearing before the Honorable David Grine,[3] the trial court affirmed the District Attorney's decision and Wilkins filed the instant appeal, which was transferred to this Court by the Superior Court.

On appeal, Wilkins claims that: (1) he has made numerous formal and informal requests over the past 12 years for exculpatory reports and transcripts to be made part of the official record; (2) the Clerk of Court forwarded an incomplete record to the Superior Court in the matter of *Commonwealth v. Wilkins* (Pa. Super., No. 297 MDA 2017, filed September 21, 2017)[4]; and (3) the Clerk of Court committed "Obstruction"[5] by forwarding an incomplete record to the Superior Court without requisite notice.

In the Opinion supporting its order, the trial court stated, in relevant part:

---

[3] Wilkins was not entitled to a hearing on the District Attorney's decision in this regard. As the Superior Court has explained, "a private criminal complainant is not entitled to an evidentiary hearing regarding the trial court's review of the Commonwealth's decision. [T]he pertinent criminal procedural rule, Pa. R. Crim. P. 506, 'merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas[.]'" *Braman v. Corbett*, 19 A.3d 1151, 1160 (Pa. Super. 2011) (citation omitted). *See also In re Private Complaint of Owens Against Coker*, 810 A.2d 172, 177 (Pa. Super. 2002) ("Appellant does not allege that the trial court departed in any respect from Pa. R. Crim. P. [5]06 (establishing the procedure for handling private civil complaints). We have held that 'the provision in the Rule allowing an appeal of the district attorney's disapproval of such charges to the court constitutes sufficient checks and balances upon the district attorney's actions to comply with constitutional due process requirements.' Thus, appellant's due process claims lack merit.") (citation omitted).

[4] In that appeal, the Superior Court affirmed the dismissal of three of Wilkins' PCRA petitions as untimely. *See Wilkins*, slip op. at 4-6.

[5] Obstruction of government operations is defined in Section 5101 of the Pennsylvania Crimes Code, 18 Pa. C.S. §5101, as follows: "A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by . . . breach of official duty, or any other unlawful act . . . ."

3

In the instant case, Mr. Wilkins submitted four (4) private criminal complaints alleging that the named individuals willfully and maliciously refused to complete the official appellate record on his criminal case [] by withholding the preliminary hearing transcript, sentencing hearing transcript, and medical records. He also alleged that the named individuals did so with the intent of inhibiting Mr. Wilkins' appeal. The attorney for the Commonwealth denied the four (4) private criminal complaints filed by Mr. Wilkins stating the reasons as follows:

> First, the affidavit of probable cause is not signed. Second, there are not facts present in the complaints which would support such charges even if the affidavit was signed. The burden on the Commonwealth to prove a case in a criminal trial is the highest burden of proof. There is simply no evidence that the Commonwealth could introduce at trial to show that these actors worked together to withhold documents to hinder your appeal. Thus, this case cannot be proved to a jury beyond a reasonable doubt.

(*See* Denial of Private Criminal Complaint, June 7, 2017).

Trial Court 9/22/17 Opinion at 2-3.

In reviewing a district attorney's decision in this regard, the Superior Court has explained:

> It is well settled that, if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review, and the trial court must first correctly identify the nature of the reasons given by the district attorney for denying the complaint. "Where the district attorney's denial [of a private criminal complaint] is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter."

> [However,] [w]hen the district attorney disapproves a private criminal complaint on wholly policy

4

considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions. . . . Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with the settled principles of appellate review of discretionary matters. . . .

\* \* \*

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 581-582 (Pa. Super. 2009) (citations and footnote omitted). In this case, because the District Attorney disapproved Wilkins' private criminal complaint on a hybrid of legal and policy considerations, Wilkins was required to demonstrate that the District Attorney's "decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest." *Id.*

5

However, in his appellate brief, Wilkins only argues that: (1) he made numerous formal and informal requests over the past 12 years for exculpatory reports and transcripts to be made part of the official record; (2) the Clerk of Court forwarded an incomplete record in the Superior Court appeal relating to the denial of his untimely PCRA petitions; and (3) the Clerk of Court committed "Obstruction" by forwarding an incomplete record to the Superior Court without the requisite notice. *See* Brief of Appellant at 5.

Wilkins does not raise the issue of the District Attorney's exercise of discretion in disapproving his private criminal complaint in the Statement of Questions Involved or Argument portions of his appellate brief. *See id.* at 1-2, 5. As a result, to the extent that Wilkins has not waived any allegation of error in this regard,[6] we are constrained to conclude that he has not demonstrated that the District Attorney's disapproval of the private complaint was improper or that the trial court abused its discretion[7] in affirming the District Attorney's determination in this regard.

---

[6] *See* Pa. R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved . . . . The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that the failure to develop an issue in an appellate brief results in waiver); *In re Estate of Ryerss*, 987 A.2d 1231, 1236 n.7 (Pa. Cmwlth. 2009) (holding that issues not stated in the statement of questions presented or fairly suggested thereby will be deemed waived by this Court under Pa. R.A.P. 2116(a), and arguments not properly developed in an appellate brief will be deemed waived under Pa. R.A.P. 2119(a)).

[7] "'An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is

Accordingly, the trial court's order is affirmed.[8]

---

abused.'" *Fancsali v. University Health Center of Pittsburgh*, 761 A.2d 1159, 1162 (Pa. 2000) (citation omitted).

[8] "This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." *Commonwealth v. Williams*, 73 A.3d 609, 617, n.4 (Pa. Super. 2013) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania        :
                                     :
                v.                   :  No. 130 C.D. 2018
                                     :
Dale E. Klein, Esquire               :
Clerk of Court, Dauphin County       :
                                     :
Appeal of: Glue Wilkins              :

**PER CURIAM**

# **O R D E R**

AND NOW, this 9th day of July, 2019, the order of the Dauphin County Court of Common Pleas dated September 22, 2017, is AFFIRMED.