J-S28012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT PETITION OF PAUL A. BROWN | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: PAUL A. BROWN | : : : : : | |
| | : | No. 189 EDA 2021 |

Appeal from the Order Entered July 30, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-MD-0000275-2020

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 09, 2021**

Paul A. Brown appeals from the order that denied his petition for review

of a private criminal complaint pursuant to Pa.R.Crim.P. 506. We affirm.

The trial court offered the following factual summary of this case.

On May 4, 2020, [Appellant] filed private criminal complaint #1682 with the Monroe County Office of the District Attorney alleging defendant Diana Brown knowingly gave false information to authorities . . . . [Appellant] asserts Ms. Brown made false statements against him in connection with a divorce proceeding.[1] Specifically, [Appellant] denotes four counts in his Complaint against Ms. Brown: (1) [she] made an unsworn falsification in her complaint in divorce; (2) [she] improperly filed an affidavit relating to pending divorce proceedings; (3) [she] "knowingly and intelligently committed perjury in order for the court to grant her divorce;" and (4) [she] committed forgery by executing her attorney's signature without authorization.

_____

---

[*] Retired Senior Judge assigned to the Superior Court.

<sup></sup>¹ Notably, [Appellant] file[d] his Private Criminal Complaint against his ex-wife Diana Brown, who was the victim in a criminal case where [Appellant] pleaded guilty to one count each of attempted homicide and aggravated assault. [Appellant] disfigured Ms. Brown's hand, gashed the back of her head, and severed her ring finger with a machete.

On May 11, 2020, the Office of the District Attorney issued a disapproval of private criminal complaint #1682 (hereinafter "notice of disapproval"). The notice of disapproval cited the following reasons: "(1) Matter was not reported to police for investigation; (2) The facts of the alleged offense are inadequately described; (3) Criminal prosecution is not warranted based on the alleged facts; (4) The statute of limitations has expired on the alleged crime; and (5) It is not in the best interest of the Commonwealth to pursue this matter." [Appellant], an inmate at SCI Smithfield, received the notice of disapproval and timely filed a *pro se* Rule 506 Petition for review of private criminal complaint with th[e trial] court on June 1, 2020.

Trial Court Opinion, 7/30/20, at 1-2 (cleaned up).

The trial court reviewed the private criminal complaint and the exhibits attached thereto and issued an opinion and order denying Appellant's petition for review. Appellant filed a timely notice of appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] After noting that Appellant's private criminal complaint was not included in the certified record, this Court directed the trial court to supplement it to include all materials

---

[1] Appellant submitted the notice of appeal, which was dated August 27, 2020, and was attached to a motion to proceed *in forma pauperis*, to prison authorities for mailing no later than August 28, 2020, which is the date of the mailing's postmark. Accordingly, the notice of appeal was timely filed. **See**, **e.g.**, **Commonwealth v. Betts**, 240 A.3d 616, 620 n.4 (Pa.Super. 2020) (explaining that, pursuant to the prisoner mailbox rule, "submissions from an incarcerated litigant are deemed to be filed when deposited into the prison mailing system, or handed over to prison officials for mailing").

which it reviewed in making its determination. Having obtained the supplemental certified record from the trial court, this appeal is ripe for resolution.

Appellant states the following questions for our review:

1. Whether the trial court erred when it denied [Appellant]'s notice of appeal/petition for review without first ordering [Appellant] to file brief where he could provide verified proof, legal argument and proof of bad faith by the Assistant District Attorney, thus depriving [Appellant] of his right to fairly raise his meritious [sic] issues in the trial court.

2. Whether the trial court erred when it denied [Appellant]'s notice of appeal/petition for review when the Assistant District Attorney's reasons for denial of private criminal complaint # 1682 was in part for (1) matter was not reported to the police, (2) the statue of limitation has expired on the alleged crimes and (3) it is not in the best interest of the Commonwealth to pursue this matter, same reasons in part for his denial of private criminal complaint # 1672 for the same accused, was plainly erroneous and done in bad faith.

Appellant's brief at iv.

We begin our consideration of Appellant's questions with our standard of review:[2]

_____

[2] Appellant claims that he presents us with a due process question of law subject to *de novo*, plenary review. **See** Appellant's brief at iii. "We have held that the provision in [Pa.R.Crim.P. 506] allowing an appeal of the district attorney's disapproval of such charges to the court constitutes sufficient checks and balances upon the district attorney's actions to comply with constitutional due process requirements." ***In re Private Complaint of Owens Against Coker***, 810 A.2d 172, 177 (Pa.Super. 2002) (cleaned up). Since Appellant does not complain that the Rule was not followed, due process is not implicated.

Appellate examination of a trial court's review of the District Attorney's decision to disapprove a private criminal complaint implicates the following:

When the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

When the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Miles*, 170 A.3d 530, 534–35 (Pa.Super. 2017) (cleaned up).

As detailed above, the district attorney supplied multiple reasons for its disapproval, including both legal and policy considerations. *See* Trial Court Opinion, 7/30/20, at 2 (quoting Notice and Record of Disapproval of Private Criminal Complaint, 5/11/20). Accordingly, the following legal principles govern our examination of Appellant's issues:

[T]he appellate court will review the trial court's decision for an abuse of discretion, in keeping with the settled principles of appellate review of discretionary matters. The district attorney's decision not to prosecute a criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without a legitimate basis in the record, substituted its judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law

- 4 -

that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 581–82 (Pa.Super. 2009) (cleaned up).

Appellant argues that the district attorney's office "had ample knowledge of acts committed by Diana Brown but denied Appellant's private criminal complaint in bad faith," such as by erroneously indicating (1) that the statute of limitations had expired when it had not at the time Appellant filed the complaint, and (2) that Appellant had not notified the police of the crimes for investigation when he served the police with the private criminal complaint simultaneously with providing it to the district attorney. *See* Appellant's brief at 6, 8-10. Notably, Appellant does not provide argument to dispute the other reasons offered by the district attorney, namely that Appellant offered an inadequate description of the facts, that the facts alleged did not warrant

prosecution, and that prosecution was not in the best interest of the Commonwealth.

The trial court offered the following explanation for its denial of Appellant's petition:

> In the instant case, to the extent it may be understood, [Appellant]'s private criminal complaint fails to set forth a coherent basis upon which a criminal prosecution could be initiated. In fact, his claims appear wholly frivolous and entirely devoid of merit.
>
> [Appellant] first contends Ms. Brown made an unsworn falsification to authorities when she filed a complaint in divorce on November 30, 2017 stating, "There is currently no pending action of divorce or annulment between the parties." *See* Complaint in Divorce, 8963 CV 2017, 11/30/17. [Appellant] believes this constitutes an unsworn false statement pursuant to 18 Pa.C.S. § 4904(a). In support, [Appellant] offers an alleged petition for dissolution of marriage filed with the Supreme Court of Jamaica ("Jamaican Petition") on December 22, 2008. Notably, [Appellant] concedes the Jamaican Petition was not granted, and that he was lawfully married at the time Ms. Brown filed the complaint in divorce in Monroe County. Thus, [Appellant] argues a divorce was pending in Jamaica at the time Ms. Brown filed the complaint in divorce.
>
> This claim is wholly frivolous and devoid of merit. At a hearing for the action in divorce, Judge Jennifer Harlacher Sibum asked Ms. Brown, "One of the other allegations in the many filings that Mr. Brown put to the court was that the two of you have a pending divorce in Jamaica, is that true?" N.T. 3/29/19, 8963 CV 2017, [at] 9. Ms. Brown responded, "There is no pending divorce. I initiated a divorce in 2008 that was discontinued when Mr. Brown returned to the picture in 2010." *Id*. After consideration, Judge Sibum concluded, "All [the Jamaican Petition] tells me is that there have been problems in this marriage for a long time and they clearly haven't gotten any better." *Id*. at 22. There is no evidence submitted to rebut Ms. Brown's characterization of the Jamaican Petition, and we find no basis in the alleged facts to warrant criminal prosecution.

Next, [Appellant] contends, "On January 24, 2018, [Ms.] Brown filed an affidavit under section 3301(d) of the Divorce code. Ms. Brown's affidavit was made subject to 18 Pa.C.S. § 4909, *i.e.* Witness or informant taking bribes but should have been made subject to 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities." At most, this allegation amounts to a ministerial error. [Appellant]'s belief that a ministerial error amounts to "fraud upon the court" is wholly frivolous and devoid of merit.

[Appellant]'s third allegation returns to the Jamaican Petition. Specifically, [Appellant] argues "On March 29, 2019, Ms. Brown testified under oath that she don't recall that she has not actually seen the Jamaica Petition. Ms. Brown further testified that she put the divorce on hold but provide[d] no verified proof." As a result, "Ms. Brown knowingly and intelligently committed perjury in order for the court to grant her divorce." For the reasons discussed, *supra*, this argument is without merit. Ms. Brown was extensively questioned and cross-examined in the divorce action before Judge Sibum. [Appellant] presents no evidence whatsoever to support his bald assertions. Even a cursory review of the hearing before Judge Sibum reveals Ms. Brown to be a credible witness attempting to begin a new life after a violent attack by her ex-husband.

Finally, [Appellant] contends Ms. Brown forged her attorney's signature, asserting "On January 24, Ms. Brown filed an affidavit with attached Certificate of Compliance upon close inspection [of] Attorney Strunk's handwriting and signature were forged." [Appellant] offers no evidence to support this claim beyond a cut and copied comparison, without context or explanation, of Attorney Strunk's cursive signature and a printed signature. As such, this claim lacks merit and criminal prosecution is not warranted under the facts alleged.

Here, the district attorney disapproved the private criminal complaint on [the five aforementioned grounds]. Based on our review, the facts of the case do not lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual. To the contrary, the facts here demonstrate wholly frivolous claims devoid of merit. As such, we see no basis in fact or law to initiate a criminal prosecution.[2]

_____

[2] We note that we need not reach the question of whether the statute of limitations has expired on the alleged crime.

- 7 -

Pursuant to 42 Pa.C.S. § 5552(B)(I), the alleged crimes likely fall within the five year limitation. However, because [Appellant]'s claim is entirely devoid of merit, and because we find the District Attorney did not abuse his discretion in declining to initiate prosecution, we are not required to reach a legal conclusion on this issue.

[Appellant]'s claims are devoid of merit and certainly do not meet the heavy burden of demonstrating the district attorney's decision amounted to bad faith, fraud or unconstitutionality. We recognize the importance of prosecutorial discretion and the district attorney's duty to conserve and devote the resources of his office to cases in which there is a likelihood of a conviction. As such, the district attorney's decision not to prosecute a private criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. Here, we will not disturb the sound judgment of the district attorney. As a result, [Appellant]'s petition is denied.

Trial Court Opinion, 7/30/20, at 5-8 (cleaned up).

Appellant has offered this Court no basis to conclude that the trial court "misapprehended or misinterpreted the district attorney's decision," or that its decision lacked "a legitimate basis in the record." *Rafferty*, *supra* at 581. On the contrary, the trial court clearly examined the evidence proffered by Appellant and stated reasonable grounds for its conclusion that several of the bases stated by the district attorney were sufficient to justify its decision. This Court has observed that, "[b]oth the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of pointless prosecutions." *In re Miles*, *supra* at 535. We are convinced that both have satisfied that responsibility in the instant case.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/9/2021*