J-S68009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUBEN R. CRAIG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DISTRICT ATTORNEY OF VENANGO | : | No. 204 WDA 2019 |
| COUNTY | : | |

Appeal from the Order Entered September 6, 2018
In the Court of Common Pleas of Venango County Domestic Relations at
No(s):  CP-61-MD-0000040-2018

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                **FILED JANUARY 15, 2020**

Ruben R. Craig (Craig) appeals from the September 6, 2018 order of

the Court of Common Pleas of Venango County (trial court) denying his

petition for approval of five private criminal complaints.  We affirm.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] The district attorney has filed an Application to Quash Appeal based on Craig's substantial failure to comply with our Rules of Appellate Procedure. Craig's brief fails to comply with the Rules in myriad ways, and we could quash the appeal on this basis.  ***See*** Pa.R.A.P. 2101; ***Commonwealth v. Spuck***, 86 A.3d 870, 871 (Pa. Super. 2014) (quashing appeal for "flagrant failure to file a brief that conforms to the Pennsylvania Rules of Appellate Procedure"). However, because we are able to discern his arguments, we decline to quash. The district attorney also argues that the appeal was untimely filed, as the trial court denied Craig's petition on September 6, 2018, and Craig's *pro se* notice of appeal was not timestamped by the trial court Prothonotary until December 3, 2018.  This court issued a Rule to Show Cause why the appeal should not be quashed as untimely.  Craig filed a response arguing that the

We glean the following facts from the record. In May 2016, Craig was involved in an altercation with Shawn Schillinger (Schillinger), Robert Neubauer (Neubauer) and Michael Ahrens (Ahrens) that ended with Craig stabbing Schillinger twice in the groin. At Craig's criminal trial, the Commonwealth put forth evidence that Craig had engaged in a course of intimidation and stalking against his sister-in-law, Brooke Biernesser (Brooke), and anyone involved with her family, including Neubauer, her paramour, and Ruth Biernesser, her mother. The stabbing occurred when the three men confronted Craig about this behavior. Craig was ultimately convicted of, *inter alia*, attempted homicide for stabbing Schillinger.[2] 18 Pa.C.S. § 901(a), 2501.

## I.

This appeal involves five private criminal complaints that Craig filed against Kyle Snell (Snell), Neubauer and Brooke alleging that they had committed various crimes related to the purported transfer of a firearm and

_____

prisoner mailbox rule applied because he gave his notice of appeal to prison authorities for mailing on September 27, 2019. A review of the certified record reveals a DC-138A cash slip from that date, signed by a prison official, indicating that he purchased postage for the notice of appeal on that date. The cash slip lists the trial court docket number for this case and was included with the notice of appeal when filed. Based on this evidence, the appeal was timely filed pursuant to the prisoner mailbox rule. **Smith v. Pa. Bd. of Probation & Parole**, 683 A.2d 278, 282 (Pa. 1996).

[2] Brooke and Neubauer testified at Craig's criminal trial.

the group assault on Craig. Craig alleged that the three men physically attacked him in the street and that he stabbed Schillinger in self-defense after Schillinger hit him on the head with half of a brick. He contends that Brooke instigated the attack through text messages urging Schillinger to assault Craig. Craig believes that Brooke and Neubauer orchestrated the attack based on racial animus, as Brooke was unhappy that her sister had married Craig, who is black.

Craig further alleged that following the altercation, the three men went to Neubauer's house, where Neubauer retrieved a firearm in case Craig had followed them. Craig avers that Neubauer and Brooke received this firearm from Snell, who was Ruth Biernesser's paramour. Snell allegedly told police that the firearm had belonged to him. Brooke refused to tell the police where Neubauer had gotten the firearm, saying that she "[didn't] want to get anyone in trouble." **See** Writ of Mandamus in Appeal of District Attorney's Disapproval of Private Criminal Complaint Forms ("Petition for Review") at Paragraph 12.

The district attorney disapproved each of the private complaints, attaching reasons for doing so to each of the complaints. As to the private complaints setting forth the firearm violations, the district attorney reasoned that because Snell was Ruth Biernesser's paramour at the time he allegedly transferred the firearm to Brooke, the transfer was allowed because it was between "family" members. As an alternative reason, the district attorney also noted that the transfer was temporary and had been necessary given

Craig's history of threatening behavior toward Brooke. He also found that there was no evidence that there was a transfer to Neubauer. As to the non-firearm violations, the district attorney disapproved those private complaints because all of the evidence adduced at the criminal trial was contrary to what Craig alleged.

Craig then filed a Petition for Review with the trial court claiming that the disapproval was improper because he had made out a *prima facie* case of the charges set forth in each of the private complaints. Holding only that merely making out a *prima facie* case is insufficient to reverse the district attorney's decision not to approve the private complaints related to the firearm, the trial court denied Craig's Petition for Review as to those complaints. The trial court also denied Craig's Petition for Review as to the other complaints because based on the facts, no offense had been made out. Craig filed a timely notice of appeal and both he and the trial court have complied with Pa.R.A.P. 1925.[3]

---

[3] "Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad faith, fraud or unconstitutionality. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed." **In re: Private Complaint of Owens**, 810 A.2d 172, 175-176 (Pa. Super. 2002) (internal quotations and citations omitted).

**II.**

While Craig lists eight separate questions in his brief's Statement of Questions involved, all of the questions relate to whether the trial court abused its discretion in finding that the district attorney's disapproval of his private criminal complaints was proper when there was *prima facie* evidence to support prosecution.

**A.**

An individual who is not a law enforcement officer may submit a private criminal complaint to the district attorney seeking prosecution for the crimes. *See* Pa.R.Crim.P. 506(A). The district attorney, within his discretion, may then elect to either approve or disapprove the complaint. *Id.* At a minimum, the private criminal complaint must set out a *prima facie* case of criminal conduct. *In re Ullman*, 995 A.2d 1207, 1213 (Pa. Super. 2010). The district attorney is further obliged to investigate the allegations in the complaint to determine whether prosecution is in the public interest. *Id.*

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless.
>
> ***
>
> The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be

implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

*In re Miles*, 170 A.3d 530, 535 (Pa. Super. 2017) (internal quotations and citations omitted).[4]

If the district attorney disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review. In such a challenge to the disapproval, the complainant must do more than show that the district attorney's decision was flawed but is also required to show that the decision amounted to bad faith, fraud or was unconstitutional. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion and should leave the district attorney's decision undisturbed. *In re Private Criminal Complaints of Rafferty*, 969 A.2d 578, 581-82 (Pa. Super. 2009).

### B.

Craig alleges that Snell, Neubauer and Brooke violated the Uniform Firearms Act (Act)[5] when Snell improperly transferred a firearm to Brooke,

---

[4] On appeal, this court considers whether the trial court committed an error of law or an abuse of discretion in evaluating the district attorney's disapproval of the private criminal complaint; we do not review the district attorney's underlying decision. *In re: Private Complaint of Owens, supra*.

[5] 18 Pa.C.S. §§ 6101-6124. The Act mandates that transfers of firearms between individuals who are not licensed to perform such transfers must take place in "the place of business of a licensed importer, manufacturer, dealer or county sheriff's office, the latter of whom shall follow the procedure set forth in this section as if he were the seller of the firearm." 18 Pa.C.S. § 6111(c).

who in turn transferred it to Neubauer to use as protection against Craig. Craig also alleged that Brooke knew the firearm would be used in a crime and, as a result, she could be held liable for those crimes. 18 Pa.C.S. § 6111(g)(5).

The district attorney's investigation into the evidentiary foundations of the complaint was based primarily on the testimony and other evidence presented at Craig's criminal trial, over which the trial court also presided. Craig offered no additional evidence in support of his private criminal complaints or Petition for Review, instead only insisting that when a *prima facie* case is alleged, the district attorney is obligated to approve the complaint. However, this misstates the district attorney's duties. Even assuming a *prima facie* case is made out, the district attorney may exercise discretion to decline prosecution if he or she believes it would not be in the best interest of the state. **In re Miles, supra**.

Here, based on his knowledge of the events leading to Craig's criminal trial and the evidence adduced at that trial, the district attorney determined that he would not be able to sustain any convictions related to the alleged transfer of the firearm. Snell was in a relationship with Brooke's mother and

---

It provides transfers between spouses, parents and children, and grandparents and grandchildren are exempt. **Id**. We disagree with the district attorney that a paramour falls within that exemption. Moreover, we also note that the allegations in the private criminal complaint did not make out that there was a transfer of a firearm, only that Snell lent the firearm to Brooke. **See** 18 Pa.C.S. § 6115(b).

he allegedly "transferred" the firearm out of necessity when Craig continued to pose a threat to Brooke. No evidence supported Craig's assertion that Brooke then unlawfully gave the firearm to Neubauer. Given the history between these parties, the district attorney did not believe prosecution would be successful or in the public interest, and the trial court agreed. Craig has not sustained his heavy burden establishing that this rationale "amounted to bad faith, fraud or unconstitutionality." ***In re: Private Complaint of Owens, supra.*** Accordingly, we find no abuse of discretion by the trial court with respect to these complaints.

## C.

The remaining private complaints revolved around Brooke and Neubauer's involvement in the altercation that led to Craig stabbing Schillinger. Craig alleged that Brooke committed criminal use of a communication facility (CUCF),[6] conspiracy to commit riot,[7] conspiracy to

---

[6] A person commits CUCF if she "uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony. . ." 18 Pa.C.S. § 7512(a).

[7] "A person is guilty of riot . . . if he participates with two or more others in a course of disorderly conduct: with intent to commit or facilitate the commission of a felony or misdemeanor." 18 Pa.C.S. § 5501(1). Likewise, a person may be convicted of criminal conspiracy if

> with the intent of promoting or facilitating [a crime's] commission he (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2)

commit aggravated assault,[8] and ethnic intimidation[9] when she urged Schillinger, Neubauer and Ahrens by text message to assault Craig based on her racial animus towards him. He alleges that Neubauer committed the crimes of riot, conspiracy to commit aggravated assault, and ethic intimidation for his role in the group assault. Again, the alleged factual foundation for these crimes was based on the testimony adduced at Craig's criminal trial.

In disapproving the complaint against Brooke, the district attorney cited to the testimony at Craig's four-day criminal trial and determined that none of the allegations against Brooke were supported by that evidence. In disapproving the complaint against Neubauer, the district attorney found that the evidence from the night of the altercation suggested only that Schillinger had participated in a physical attack, not Neubauer. The district attorney also noted that Schillinger only physically responded after being struck by Craig.

---

agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

[8] "A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1).

[9] A person is guilty of ethnic intimidation if he or she commits any crime "with malicious intention toward the race, color, religion or national origin of another individual or group of individuals."

At his criminal trial, Craig presented his claims that he had reacted in self-defense to a group that orchestrated an attack based on racial animus. The jury was not persuaded by the argument and found Craig guilty of attempted homicide. As a result, the district attorney determined that there was no evidence to support the charges against Brooke and Neubauer as the jury's verdict had credited the version of events testified to by the Commonwealth's witnesses.[10]

Again, we note that a district attorney is not obligated to approve a private criminal complaint merely because a *prima facie* case has been stated therein. **In re Miles, supra**. Rather, the district attorney has a professional duty to investigate the allegations and determine for himself whether prosecution is in the public interest and a conviction is likely based on available evidence. Here, the district attorney had the benefit of an entire trial record to evaluate whether the allegations Craig made against Brooke and Neubauer merited prosecution. Because the jury did not credit Craig's version of events in the criminal trial, where he thoroughly confronted Brooke and Neubauer with the above allegations, the district attorney determined that he did not have sufficient credible evidence to seek prosecution of these crimes. Because

---

[10] Because the district attorney's disapproval was based on lack of sufficient evidence, the trial court conducted a *de novo* review. **In re: Private Complaint of Owens, supra**. We, in turn, conduct our own *de novo* review of the trial court's determination. **In re Wilson**, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*).

Craig put forth no additional evidence in his private criminal complaints that would suggest prosecution of the crimes would be successful and in the public interest, the district attorney and the trial court were more than justified in dismissing the Petition for Review because it is an impermissible collateral attack on his jury conviction. Consequently, we hold that the trial court did not err in denying the Petition for Review.

Application to Quash Appeal denied; Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/2020