J-S52039-17

2017 PA Super 279

| | | |
|---|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT DONALD MILES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DONALD MILES | : | No. 434 MDA 2017 |

Appeal from the Order Entered February 22, 2017
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2016 -CV-6308

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

OPINION BY GANTMAN, P.J.:                    **FILED AUGUST 28, 2017**

Appellant, Donald Miles, appeals *pro se* from the order entered in the Lackawanna County Court of Common Pleas, which denied and dismissed his petition for approval of his private criminal complaint.  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

### BACKGROUND

1.    [Appellant] has attempted to file a private criminal complaint against Vincent Butkiewicz, John Munley, Thomas Davis, Harold Zech, all alleged to be Detectives with the Lackawanna County District Attorney's Office.  He has also in the same pleading attempted to file a criminal complaint against Attorneys James R. Elliot and Corey Kolcharno and "…others to be charged from the DA's Office magistrates & judge.  Unlimited John Doe, unlimited Jane Doe."

2.    [Appellant] has also attempted to file a criminal complaint against Assistant District Attorney Cathy Ann Tully, District Attorney James Henry Scanlon IV, Andrew Jarbola (Judge, Lackawanna County Court of Common Pleas), John Pesota (Magisterial District Judge) and Alyce

Farrell (Magisterial District Judge), Vito P. Geroulo (Judge, Lackawanna County Court of Common Pleas). … For the reasons that follow, the relief sought by [Appellant] is denied and dismissed.

3. All of the above are alleged to have criminally wronged [Appellant] relative to a criminal matter filed to OTN number L924393 at Magisterial District Judge Alyce Farrell's Office 45-1-02. The location of the alleged crime is at 521 Arthur Avenue, Scranton, PA 18510. The date of the offense is in dispute but approximately February 17, 2016.

4. [Appellant] attempted to file a private criminal complaint with the issuing authority against the District Attorney and members of his staff on or about September 9, 2016. The matter had to be referred by the issuing authority to the District Attorney for approval to proceed with the case per Pa.R.Crim.P. 506(A).

5. On or about October 13, 2016, a letter from the first Assistant District Attorney Gene P. Riccardo directed to [Appellant] acknowledged the private [criminal] complaint attempted to be filed by [Appellant] against Attorney Cathy Tully. At that time, recognizing the conflict of interest, the Lackawanna County District Attorney's Office referred the putative criminal complaints to the Office of the Attorney General of the Commonwealth of Pennsylvania. …

6. This referral was acknowledged as received by the Office of the Attorney General of the Commonwealth of Pennsylvania on December 28, 2016. …

7. [Appellant] erroneously filed a Petition for Review of the District [Attorney's] "…disapproval of his Private Criminal Complaint." The Petition for Review…is in error because at that point on November 8, 2016, the District Attorney's Office had not disapproved his private criminal complaint but had referred it, due to conflicts, to the Office of the Attorney General. …

8. On February 6, 2017 at 3:09 p.m., this [c]ourt received an email from an attorney with the Office of the

Attorney General with two attachments. … The attachments indicate the Office of Attorney General for the Commonwealth of Pennsylvania refuses to approve [Appellant's] private criminal complaint…per Pa.R.Crim.P. 506(2). The reason for the disapproval as articulated in…Request to Close the Case dated January 26, 2017 is[:] "In his lengthy PCC [Appellant] completely failed, however, to articulate or produce any evidence of criminal conduct by anybody. … It is clear he is merely trying to confuse and delay his criminal trial with this PCC."

9. Due to the response by the Office of the Attorney General, closing the case of [Appellant's] [private criminal complaint], [Appellant's] untimely and inaccurate [p]etition for review had now become ripe for decision. This is so because now the erroneous alleged rejection of the [p]rivate [c]riminal [c]omplaint by the Office of the District Attorney has in fact occurred by the Office of the Attorney General. Accordingly, the November 8, 2016 Petition for Review filed by [Appellant] will now be entertained on its merits by this [c]ourt.

10. [T]he January 26, 2017 letter from the Office of the Attorney General to [Appellant] and…the request to Close Case also dated January 26, 2017 were submitted to this [c]ourt by email dated February 6, 2017.

11. The context of both [documents] indicate[s] the conclusion of the Office of the Attorney General that the proposed private [criminal] complaints of [Appellant] are lacking substantive merit. The letter…states, "[Y]our private criminal complaint fails to articulate or produce any evidence of criminal conduct by any person. Moreover, the events you describe therein are the same incidents for which you are currently awaiting trial." (Docket No. CP 35-482-2015).

12. The Request to Close Case…states, "To conclude, [Appellant] neither alleged nor substantiated at all any facts to support any criminal charge against any person. I do not find this PCC to be in good faith."

(Trial Court Opinion, filed February 22, 2017, at 1-4).

Procedurally, by order and opinion filed February 22, 2017, the trial court denied and dismissed Appellant's petition for approval of his private criminal complaint. Appellant timely filed a *pro se* notice of appeal on March 7, 2017. The trial court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant did not voluntarily file a Rule 1925(b) statement.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR AN ERROR OF LAW WHERE THE TRIAL COURT DEPRIVED APPELLANT HIS DUE PROCESS OF LAW UNDER OUR UNITED STATES CONSTITUTION WHEN THE TRIAL COURT DID NOT ALLOW APPELLANT A FAIR OPPORTUNITY TO FILE A PROPER AND TIMELY PETITION FOR REVIEW PURSUANT TO PENNSYLVANIA RULE[] OF CRIMINAL PROCEDURE…506(B)(2) IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY FOR SENIOR DEPUTY ATTORNEY GENERAL BERNARD A. ANDERSON'S DISAPPROVAL OF APPELLANT'S PRIVATE CRIMINAL COMPLAINT?

(Appellant's Brief at 4).

Appellant argues he was deprived of his due process rights. Particularly, Appellant questions the referral of his private criminal complaint to the Attorney General's Office. Appellant does not understand why the District Attorney's Office of Lackawanna County refused to rule on the private criminal complaint. Appellant maintains he did not receive timely notification of approval or disapproval of his private criminal complaint as well. Appellant asserts his concern about "deadlines" prompted him to file a premature petition for review on November 8, 2016. Appellant contends the

Attorney General unreasonably delayed his decision to disapprove Appellant's private criminal complaint.

Appellant further asserts the trial court deprived Appellant of his due process rights by directly reviewing the disapproval of the Attorney General's Office. Appellant contends he was denied the opportunity to file a proper petition for review per Pa.R.Crim.P. 506(B)(2) to defend or challenge the Attorney General's disapproval. Appellant concludes he is the victim of a conspiracy to divest him of his constitutional due process rights, and this Court should reverse the trial court's order denying approval of Appellant's private criminal complaint. We disagree.

Appellate examination of a trial court's review of the District Attorney's decision to disapprove a private criminal complaint implicates the following:

> [W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.
>
> *        *        *
>
> [W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Ullman*, 995 A.2d 1207, 1213 (Pa.Super. 2010), *appeal denied*, 610

Pa. 600, 20 A.3d 489 (2011) (quoting *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 214–15 (Pa.Super. 2005) (*en banc*) (internal citations omitted)).

A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct. *In re Ullman, supra* at 1213. Nevertheless, even "a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor." *Id.* (quoting *In re Private Complaint of Adams*, 764 A.2d 577, 580 (Pa.Super. 2000). The district attorney must investigate the allegations of the complaint to permit a proper decision on whether to approve or disapprove the complaint. *In re Ullman, supra* at 1213. "[S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments." *Id.* (quoting *Commonwealth v. Muroski*, 506 A.2d 1312, 1317 (Pa.Super. 1986) (*en banc*). Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of pointless prosecutions. *In re Ullman, supra* at 1213.

Moreover,

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal

- 6 -

proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

*Id.* at 1214 (quoting *In re Private Criminal Complaint of Wilson, supra* at 212).

The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

*In re Ullman, supra* at 1214 (quoting *Commonwealth v. Malloy*, 450 A.2d 689, 692 (Pa.Super. 1982). "When the district attorney disapproves a private criminal complaint, based on the sufficiency of the facts necessary to establish the elements of the crime charged, that decision is a legal conclusion subject to *de novo* review." *In re Ullman, supra* at 1214 (citing *Commonwealth ex rel. Guarrasi v. Carroll*, 979 A.2d 383, 385 (Pa.Super. 2009) (stating district attorney's disapproval of private criminal complaint, due to lack of evidence to prove elements of crimes charged, constitutes legal conclusion subject to *de novo* review).

Rule 506 of the Pennsylvania Rules of Criminal Procedure applies to review of private criminal complaints and provides:

**Rule 506. Approval of Private Complaints**

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

- 7 -

> (B)    If the attorney for the Commonwealth:
>
> (1)    approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
>
> (2)    disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant.  Thereafter, the affiant may petition the court of common pleas for review of the decision.
>
> *    *    *

Pa.R.Crim.P. 506.  "If the district attorney disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for Rule 506 review."  *In re Ullman, supra* at 1214.

> The trial court must first correctly identify the nature of the district attorney's reason(s) for denying a private criminal complaint.
>
> *    *    *
>
> Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the private criminal complaint.  Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision.

*Id.* (quoting *In re Private Criminal Complaint of Wilson, supra* at 212–13) (internal citations omitted)).

The Pennsylvania Crimes Code defines the offense of unsworn falsification to authorities as follows:

### § 4904.  Unsworn falsification to authorities

**(a) In general.**—A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:

(1) makes any written false statement which he does not believe to be true;

(2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or

(3) submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false.

**(b) Statements "under penalty".**—A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable.

**(c) Perjury provisions applicable.**—Section 4902(c) through (f) of this title (relating to perjury) applies to this section.

**(d) Penalty.**—In addition to any other penalty that may be imposed, a person convicted under this section shall be sentenced to pay a fine of at least $1,000.

18 Pa.C.S.A. § 4904. The Crimes Code defines the offense of false reports

to law enforcement authorities as follows:

**§ 4906. False reports to law enforcement authorities**

**(a) Falsely incriminating another.**—Except as provided in subsection (c), a person who knowingly gives false information to any law enforcement officer with intent to implicate another commits a misdemeanor of the second degree.

**(b) Fictitious reports.**—Except as provided in subsection (c), a person commits a misdemeanor of the third degree if he:

(1) reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or

(2) pretends to furnish such authorities with information relating to an offense or incident when he knows he has no information relating to such offense or incident.

**(c) Grading.—**

(1) If the violation of subsection (a) or (b) occurs during a declared state of emergency and the false report causes the resources of the law enforcement authority to be diverted from dealing with the declared state of emergency, the offense shall be graded one step greater than that set forth in the applicable subsection.

(2) If the violation of subsection (a) or (b) relates to a false report of the theft or loss of a firearm, as defined in section 5515 (relating to prohibiting of paramilitary training), the offense shall be graded one step greater than that set forth in the applicable subsection.

18 Pa.C.S.A. § 4906. The Crimes Code defines the offense of false swearing

as follows:

**§ 4903. False swearing**

**(a) False swearing in official matters.**—A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true is guilty of a misdemeanor of the second degree if:

(1) the falsification occurs in an official

proceeding; or

(2) the falsification is intended to mislead a public servant in performing his official function.

**(b) Other false swearing.**—A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true, is guilty of a misdemeanor of the third degree, if the statement is one which is required by law to be sworn or affirmed before a notary or other person authorized to administer oaths.

**(c) Perjury provisions applicable.**—Section 4902(c) through (f) of this title (relating to perjury) applies to this section.

18 Pa.C.S.A. § 4903.

The Crimes Code describes the offense of perjury as follows:

**§ 4902. Perjury**

**(a) Offense defined**.—A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

**(b) Materiality**.—Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law.

**(c) Irregularities no defense**.—It is not a defense to prosecution under this section that the oath or affirmation was administered or taken in an irregular manner or that the declarant was not competent to make the statement. A document purporting to be made upon oath or

affirmation at any time when the actor presents it as being so verified shall be deemed to have been duly sworn or affirmed.

**(d)  Retraction**.—No person shall be guilty of an offense under this section if he retracted the falsification in the course of the proceeding in which it was made before it became manifest that the falsification was or would be exposed and before the falsification substantially affected the proceeding.

**(e)  Inconsistent statements**.—Where the defendant made inconsistent statements under oath or equivalent affirmation, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant.  In such case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true.

**(f)  Corroboration**.—In any prosecution under this section, except under subsection (e) of this section, falsity of a statement may not be established by the uncorroborated testimony of a single witness.

18 Pa.C.S.A. § 4902.  "The general purpose of this section is to define the various situations in which lying constitutes a felony.  The essential elements of the offense are (1) oath or affirmation; (2) materiality of the lie; and (3) requirement that the lie be told in an official proceeding involving a hearing.  If there is no oath or affirmation, the falsification can only be a misdemeanor…." 18 Pa.C.S.A. § 4902 Comment.  Subsection (f) of the perjury statute has produced explanatory and applicable case law which states corroboration of perjury still requires two witnesses or one witness and circumstantial evidence to support the witness.  ***Commonwealth v.***

*Johnson*, 534 Pa. 51, 626 A.2d 514 (1993). The circumstantial evidence "must fit together so tightly as to preclude any reasonable doubt of guilt… and [serves] the principal purposes of the common law two-witness rule, namely, protecting the defendant against good-faith mistakes and against the grudge witness." *Id.* at 54, 626 A.2d at 515.

> Prosecution under subsection (e) for perjury involving inconsistent statements made under oath or equivalent affirmation, however, does not require corroboration:
>
> > [W]here…there is proof that the defendant made two contradictory statements under oath. When such conflicting statements are made there is no doubt that the person making them has committed perjury for he establishes it, but the difficulty is as to which of the two statements is the false one. In such case, the problem is reduced to one of determining whether there is some competent evidence from which the jury might find that the perjury was committed on the occasion charged in the indictment. The evidence necessary to identify the perjured statement may be direct or circumstantial but it must be competent.

*In re Ullman, supra* at 1215-16.

The Crimes Code defines official oppression as follows:

> ### § 5301.  Official oppression
>
> A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:
>
> > (1)  subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

- 13 -

(2)	denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S.A. § 5301.  The Pennsylvania Crimes Code defines conspiracy in relevant part as follows:

### § 903.  Criminal conspiracy

**(a)	Definition of conspiracy.—**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1)	agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2)	agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

**(b)	Scope of conspiratorial relationship.—**If a person guilty of conspiracy, as defined by subsection (a) of this section, knows that a person with whom he conspires to commit a crime has conspired with another person or persons to commit the same crime, he is guilty of conspiring with such other person or persons, to commit such crime whether or not he knows their identity.

**(c)	Conspiracy with multiple criminal objectives.—**If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

*	*	*

**(e)	Overt act.—**No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he

conspired.

**(f) Renunciation.**—It is a defense that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal intent.

**(g) Duration of conspiracy.**—For purposes of 42 Pa.C.S. § 5552(d) (relating to commission of offense):

(1) conspiracy is a continuing course of conduct which terminates when the crime or crimes which are its object are committed or the agreement that they be committed is abandoned by the defendant and by those with whom he conspired;

(2) such abandonment is presumed if neither the defendant nor anyone with whom he conspired does any overt act in pursuance of the conspiracy during the applicable period of limitation; and

(3) if an individual abandons the agreement, the conspiracy is terminated as to him only if and when he advises those with whom he conspired of his abandonment or he informs the law enforcement authorities of the existence of the conspiracy and of his participation therein.

18 Pa.C.S.A. § 903.

Instantly, the trial court reasoned:

15. A review of the proposed [private criminal complaints] offered by [Appellant] shows incongruity between the factual allegations and the elements of the criminal statutes that he is attempting to employ. Essentially, the pleading of [Appellant] is an attempt to fit the proverbial square peg into the round hole. An example of this has been referenced in the Attorney General's Request to Close Case…. In it, the Commonwealth observes, "…[Appellant] claimed it was perjury for the Commonwealth to amend at the preliminary hearing a date alleged in the complaint." This amendment was approved by the Magisterial District Judge at the preliminary hearing

- 15 -

and subsequently approved by the trial judge. The facts as alleged by [Appellant] simply do not add up to the elements necessary to establish the criminal violations as alleged.

16. [Appellant] also misquotes Detective Butkiewicz in a transcript in order to try to contort the facts to try to equal the facts needed for his alleged criminal charges elements.

17. We have reviewed the proposed pleadings of [Appellant] including his rights to add "Unlimited John and Unlimited Jane Doe" and we are compelled to conclude that the Commonwealth was correct in [its] decision by the Office of the Attorney General to reject approval of [Appellant's] rambling and incongruent pleading.

18. We reach this conclusion by applying the *de novo* standard of review and the plenary scope of review as per [***In re Private Criminal Complaint of***] ***Wilson, supra***…since the rejection of this proposed complaint was on substantive legal grounds, and not on policy grounds.

\* \* \*

20. A lack of factual averment concerning criminal activity can render a private criminal complaint and supporting affidavit defective and thus not a properly drafted complaint as is the case herein. It is incumbent upon the private complaint to provide the district attorney to make an informed decision regarding whether to permit criminal proceedings. … We conclude [Appellant's] incongruent factual averments and pleading are fatally defective. *…*

21. As ***Wilson*** tells us, a district attorney may have an obligation to investigate a properly drafted private criminal complaint which sets forth a *prima facie* case of criminal conduct. However, a prosecutor is not obligated to conduct an investigation when allegations made are not supported by factual averments. Both the district attorney and the courts have a responsibility to prevent misuse of both judicial and prosecutorial resources. …

22. We decline to employ a policy analysis of the

decision by the Pennsylvania Attorney General to deny approval since the disapproval herein was for substantive legal deficiencies and not policy reasons.

23. A private criminal complaint is not entitled to an evidentiary hearing regarding a trial court's review of the Commonwealth's decision to disapprove a private criminal complaint. *Braman v. Corbett*, 19 A.3d 1151 (Pa.Super. 2011).

24. For all of the above reasons as stated the Petition of [Appellant] seeking approval of his putative criminal complaints, as now rejected by the Office of the Attorney General of the Commonwealth of Pennsylvania, is denied and dismissed as being totally devoid of merit. An appropriate Order follows.

(Trial Court Opinion at 5-7) (some internal citations omitted). The certified record confirms the court correctly used a *de novo* standard of review of the Attorney General's decision, because the Attorney General disapproved Appellant's complaint for lack of factual support. *See Carrol, supra*. Upon its review, the court confirmed Appellant had failed to articulate sufficient facts to establish a *prima facie* case on each of the crimes alleged. *See* Pa.C.S.A. §§ 4904, 4906, 4903, 4902, 5301, 903. The court validated the Attorney General's disapproval of Appellant's private criminal complaint, based on the independent finding of no evidence of criminal wrongdoing to support Appellant's private criminal complaint.

Here, Appellant submitted a hand-written, multi-paged complaint consisting of allegations expressed largely as conclusions of law, without factual specificity to support the offenses alleged, including unsworn falsification to authorities, false reports to law enforcement authorities, false

swearing, perjury, official oppression, and criminal conspiracy. Appellant, however, does show in his complaint that he filed it in retaliation for the criminal charges filed against him. Further, the general topics Appellant highlights in his private criminal complaint are matters more properly brought to the court's attention in the course of Appellant's criminal case, through pretrial motions to suppress and at trial, through cross-examination and impeachment of witnesses. Limited statements, taken out of context from a hearing transcript that is not part of this certified record, will not serve to corroborate Appellant's allegations against the investigating detectives, members of the district attorney's office, and the judiciary.

After an independent review of the certified record, we endorse the trial court's evaluation of Appellant's private criminal complaint and see no error in the court's decision. Therefore, applying the proper appellate standard of review, we hold Appellant failed to show the trial court committed an error of law when it denied and dismissed Appellant's petition for approval of his private criminal complaint. ***See In re Ullman, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2017