J-S75041-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: PRIVATE CRIMINAL COMPLAINT FILED BY GLAVIN IVY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GLAVIN IVY | : : : : : : : | |
| | : | No. 1274 WDA 2019 |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): No. 258-MD-2019

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: FILED FEBRUARY 4, 2020

Glavin Ivy (Ivy) appeals pro se from the order of the Mercer County Court of Common Pleas (trial court) denying his Petition for Review of a Private Criminal Complaint that was disapproved by Mercer County District Attorney (D.A.) Peter C. Acker, Esquire. We affirm.

On June 11, 2019, Ivy submitted a Private Criminal Complaint against Ms. Caitlin Shea Dobran (Dobran) to the D.A. for approval. The Complaint alleged Dobran committed the crimes of perjury, false swearing, unsworn falsification to authorities and tampering with or fabricating physical evidence

_____

[*] Retired Senior Judge assigned to the Superior Court.

in a criminal case against him in which she was the victim.[1] (See Private Criminal Complaint, Affidavit of Probable Cause, 7/08/09, at 1).

I.

A.

The charges that Ivy seeks to have brought against Dobran arose out of actions and testimony that she took or provided involving criminal charges brought against Ivy. In 2014, Ivy was arrested for making Terroristic Threats and Harassment and with Stalking and Harassment of Dobran. (See id. at 2). He contends that while at his home, Dobran viewed a restraining order and a petitioner's affidavit, which she photographed, and that she later used those allegations in her own complaint about an incident that occurred on May 1, 2014, that she gave to police on May 9, 2014. Essentially, the crime that Ivy alleged is that Dobran provided an unsworn false statement to authorities.

Regarding the same criminal charge, Ivy alleges that after he was arrested, Dobran filed a Petition for Protection from Abuse (PFA) against him and that at the PFA hearing, Dobran testified about Ivy's threats to ruin her reputation, including facts that were not in the original May 9, 2014 document provided to authorities. On October 14, 2014, Ivy pleaded guilty to a

_____

[1] 18 Pa.C.S. §§ 4902, 4903, 4904, and 4910, respectively.

summary count of Harassment. Nonetheless, he contended that her testimony in the PFA was false and constituted perjury.

The second matter involved Dobran's involvement in an action involving Ivy's abuse of Amanda Carroll (Carroll). According to the Affidavit of Probable Cause, after Ivy's October release, he met Carroll. Carroll then contacted Dobran asking for advice about how to handle a situation she had with Ivy. Ivy alleged that Dobran attempted to dissuade Carroll from dating him by claiming that he had victimized several women and that Dobran told Carroll that Ivy had ruined her reputation. Ivy was arrested for abusing Carroll. Dobran testified on Carroll's behalf at trial, but Ivy states that her testimony was inconsistent with the earlier documents she had given to police and her testimony at her 2014 hearings. Ivy maintains that Dobran committed perjury in an effort to repair her own reputation. (See id. at 4-21).

In August 2016, Ivy was arrested for rape and related charges at docket number 1513-CR-2016. The case still is active and has not yet gone to trial. Dobran is the victim in that pending litigation.

B.

By letter dated July 8, 2019, the D.A. notified Ivy that following an investigation, he was disapproving the Private Criminal Complaint on the bases that (1) the statute of limitations barred the prosecution of the alleged crimes, and (2) his conclusion that Ivy was attempting to damage the

credibility of Dobran because she is the victim in the current criminal case against him. (Letter, 7/08/19, at 1).

On July 15, 2019, Ivy petitioned the trial court to review the D.A.'s disapproval pursuant to Pennsylvania Rule of Criminal Procedure 506. In his petition, he alleged that the D.A.'s disapproval of his Private Criminal Complaint was "an abuse of discretion, unconstitutional, blatantly unreasonable, pretextual, arbitrary, not in the public's interest and not in the interest of justice." (Petition for Review, 7/15/19, at 1). The trial court denied Ivy's Petition for Review on July 22, 2019.

On July 25, 2019, Ivy filed an Amended Petition for Review which the trial court denied on August 7, 2019. Ivy timely appealed and contemporaneously filed a statement of errors complained of on appeal. See Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion on August 16, 2019.

II.

Ivy maintains that the trial court abused its discretion when it upheld the D.A.'s disapproval of his Private Criminal Complaint. Specifically, he claims that the crimes are not barred by the statute of limitations and that

prosecuting individuals for perjury is not within the jury's province.[2]  (See

Ivy's Complaint, at 6).[3]

### A.

An individual who is not a law enforcement officer may submit a private

criminal complaint to the district attorney seeking prosecution for the crimes.

See Pa.R.Crim.P. 506(A).[4]  The district attorney, within his discretion, may

_____

[2] When the district attorney disapproves a private criminal complaint on a hybrid of legal and policy considerations, we "review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters."  Commonwealth v. Wilson, 879 A.2d 199, 215 (Pa. Super. 2005) (en banc) (citations omitted).  "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused."  Commonwealth v. Jones, 826 A.2d 900, 907 (Pa. Super. 2003) (citation omitted).

[3] At the beginning of the argument section of his brief, Ivy lists a second, abstract, question about whether an individual who committed perjury in the past is immune from suit if she is the victim in other pending litigation that is based on the same alleged perjury.  (See Ivy's Brief, at 7).  The trial court denied review of this question on the basis that it is hypothetical since there was no grant of immunity to Dobran and she has not committed perjury.  (See Trial Court Opinion, 8/16/19, at 3).  Even if Ivy had not waived this claim by failing to provide any argument to support it, we also would not decide its merits.  See Pa.R.A.P. 2101, 2119(a); Pittsburgh Palisades Park, LLC v. Com., 888 A.2d 655, 659 (Pa. 2005) ("The courts in our Commonwealth do not render decisions in the abstract or offer purely advisory opinions[.]").

[4] Pennsylvania Rule of Criminal Procedure 506 governs the approval of private criminal complaints and provides, in pertinent part that:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the

then elect to either approve or disapprove the complaint. Id. At a minimum, the private criminal complaint must set out a prima facie case of criminal conduct. In re Ullman, 995 A.2d 1207, 1213 (Pa. Super. 2010). The district attorney is further obliged to investigate the allegations in the complaint to determine whether prosecution is in the public interest. Id.

> [E]ven if the facts recited in the complaint make out a prima facie case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a prima facie case would compel the district attorney to bring cases he suspects, or has concluded via investigation, are meritless.
>
> * * *
>
> The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

---

> Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> * * *
>
> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A), (B)(2).

In re Miles, 170 A.3d 530, 535 (Pa. Super. 2017) (internal quotations and citations omitted).[5]

If the district attorney disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review. In such a challenge to the disapproval, the complainant must do more than show that the district attorney's decision was flawed but is also required to show that the decision amounted to bad faith, fraud or was unconstitutional. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion and should leave the district attorney's decision undisturbed. See In re Private Criminal Complaints of Rafferty, 969 A.2d 578, 581-82 (Pa. Super. 2009).

B.

Here, after an investigation, the D.A. disapproved the Private Criminal Complaint for the policy reason that Ivy appeared to be attempting to "undercut" the credibility of Dobran, the alleged victim in his current, outstanding litigation, and because the alleged criminal conduct was barred by the statute of limitations. (See Letter from D.A. Peter C. Acker to Ivy, 7/08/19, at 1 (announcing the decision of the District Attorney); see also

_____

[5] On appeal, this court considers whether the trial court committed an error of law or an abuse of discretion in evaluating the district attorney's disapproval of the private criminal complaint; we do not review the district attorney's underlying decision. See In re: Private Complaint of Owens, supra.

Private Criminal Complaint, 6/14/19, 1-21). We begin with the presumption that the D.A.'s decision was sound and made in good faith. See Commonwealth v. Michaliga, 947 A.2d 786, 792 (Pa. Super. 2008). The trial court observed that:

> . . . [T]he District Attorney relied on a hybrid of legal and policy bases. Th[e] [c]ourt reviewed the District Attorney's decision under the abuse of discretion standard. The District Attorney offered two reasons for its dismissal in its July 2019 letter. The letter contained a legal determination that the claim of perjury was barred by the statute of limitations. The letter also contained a policy reason that the private criminal complaint was against an alleged victim in [] Ivy's pending criminal case and it appeared that [he] was attempting to undercut the credibility of her potential testimony. Th[e] [c]ourt found that the District Attorney did not act in bad faith, fraud or unconstitutionality in denying the [Private Criminal Complaint]. . . .

(Trial Court Opinion, 8/16/19, at 3).

We conclude that the trial court did not misapprehend or misinterpret the D.A.'s denial of Ivy's Private Criminal Complaint. See Michaliga, supra at 791-92. Our independent review confirms that Ivy's Petition for Review and appellate brief fail to establish that the D.A.'s decision amounted to "bad faith, fraud or unconstitutionality" where the facts of the case do not "lead only to the conclusion that the [D.A.'s] decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest." Id. (citation omitted).

Instead, Ivy argues that the D.A.'s public policy rationale was flawed because he is not attempting to undermine Dobran's credibility, but prosecute

her for committing perjury. (See Ivy's Brief, at 16-21). However, even assuming arguendo that his Private Criminal Complaint set forth a prima facie claim against Dobran, it was still within the D.A.'s purview to decline to prosecute it if he believed, after his own independent investigation, that it lacked merit and wasn't in the public's interest to pursue. See In re Miles, supra at 535. Similarly, although Ivy maintains that his Private Criminal Complaint does not violate the statute of limitations, because the D.A. exercised his wide discretion in disapproving Ivy's Private Criminal Complaint, and there is no evidence that this was done for "patently discriminatory, arbitrary or pretextual" reasons, the trial court properly found that the D.A.'s decision must stand and we will not disturb it.

Accordingly, we affirm the trial court's order denying Ivy's Petition for Review of the D.A.'s disapproval of his Private Criminal Complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2020