J-A08032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JANET L. BRUNERMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: JANET L. BRUNERMER | : | No. 1056 WDA 2021 |

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-MD-0000152-2021

| | | |
|---|---|---|
| IN RE: JANET L. BRUNERMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: JANET L. BRUNERMER | : | No. 1057 WDA 2021 |

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-MD-0000146-2021

| | | |
|---|---|---|
| IN RE: JANET L. BRUNERMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: JANET BRUNERMER | : | No. 1058 WDA 2021 |

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-MD-0000147-2021

IN RE: JANET L. BRUNERMER      :     IN THE SUPERIOR COURT OF
                                       :         PENNSYLVANIA
                                       :
                                       :
APPEAL OF: JANET BRUNERMER     :     No. 1059 WDA 2021

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-MD-0000148-2021

IN RE: JANET L. BRUNERMER      :     IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                       :
                                       :
APPEAL OF: JANET L. BRUNERMER  :     No. 1060 WDA 2021

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-MD-0000149-2021

IN RE: JANET L. BRUNERMER      :     IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                       :
                                       :
APPEAL OF: JANET L. BRUNERMER  :     No. 1061 WDA 2021

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-MD-0000150-2021

IN RE: JANET L. BRUNERMER      :     IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                       :
                                       :
APPEAL OF: JANET L. BRUNERMER  :     No. 1062 WDA 2021

Appeal from the Order Entered August 3, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-MD-0000151-2021

J-A08032-22

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: APRIL 19, 2022**

Janet L. Brunermer (Appellant) appeals *pro se* from the order entered in the Armstrong County Court of Common Pleas denying her petition for review of 13 consolidated private criminal complaints. The complaints alleged that four employees of Apollo Borough, Pennsylvania committed perjury, false swearing, witness intimidation, and obstruction of justice[1] in connection with Appellant's prior zoning citation for owning a vacant building.[2] On appeal, Appellant alleges the trial court abused its discretion in allowing the Commonwealth to dismiss each of her private criminal complaints. We affirm.

The trial court indicates in its September 8, 2021, opinion that it relies on its August 3, 2021, memorandum, which summarized the underlying facts and procedural history of this case as follows:

> Each of [Appellant's] petitions refers to several cases, all of which relate to [her] citation in 2018 for a violation of Apollo['s] . . . vacant building ordinance. A hearing on the citation initially was held on October 25, 2018, before Magisterial District Judge ("MDJ") J. Gary DeComo, who found [Appellant] guilty of violating the ordinance. She appealed to [the trial c]ourt and, after a summary appeal hearing on June 24, 2019, she again was found guilty.
>
> In the interim period between the hearings, [Appellant] submitted several Right to Know Law ("RTKL") requests to Apollo

---

[1] 18 Pa.C.S. §§ 4902(a), (b), (e), 4903(a), (b), 4952(a)(3), (a)(4), 5101.

[2] Neither the trial court's opinion nor the parties' briefs provides a citation for the underlying local zoning ordinance Appellant violated. This does not impact our review.

- 3 -

seeking documents related to the vacancy ordinance and its enforcement. [Appellant] challenged Apollo's response to several of those requests before the Pennsylvania Office of Open Records ("OOR") and in four mandamus actions filed in [the trial c]ourt. [Appellant] later filed a fifth mandamus action seeking enforcement of other OOR determinations regarding RTKL requests she submitted to Apollo in 2020.[FN 1]

[FN 1 Appellant] twice appealed her summary conviction for violating Apollo's vacancy ordinance. Both appeals were dismissed prior to any disposition on the merits.

[On] December [23,] 2020 and February [2,] 2021, [Appellant] submitted to the Commonwealth a total of [44] private criminal complaints for approval. The complaints allege certain crimes committed by several Apollo employees and/or contractors 1) at the summary hearing before MDJ DeComo, 2) at the summary appeal hearing before [the trial c]ourt, [ ] 3) in responding to [Appellant's] RTKL requests[, and (4) in responding to Appellant's freedom of information act (FOIA) request.[3]]

Trial Ct. Op., 8/3/21, at 1-2.

This appeal concerns 13 of the private criminal complaints. Specifically, Appellant filed three complaints against Apollo Police Chief Jared Kier, alleging he committed perjury at both the MDJ and trial court hearings, when he stated Appellant owned a vacant building and the prior owners were also cited for violating a vacancy ordinance. Trial Ct. Op. 8/3/21, at 6, 8. Appellant also filed three complaints against Zoning Officer Brenda Troup, for allegedly committing perjury at Appellant's trial court hearing for stating Appellant owned a vacant building and that she gave Appellant information regarding

_____

[3] We note the trial court does not specifically mention Appellant's FOIA request in its initial recitation of facts. However, the trial court does address Appellant's FOIA request in its analysis.

the vacancy ordinance. *Id.* at 9. Next, Appellant filed two complaints against Apollo Borough Manager Cynthia McDermott, alleging she committed perjury and false swearing at Appellant's MDJ hearing when she testified that Appellant owned a vacant building, and the prior owners were also cited for violating a vacancy ordinance. *Id.* at 10. Lastly, Appellant filed five complaints against Borough Secretary Deanna Shupe, alleging she committed witness intimidation and obstructed justice when she did not adequately respond to Appellant's RTKL and FOIA requests. *Id.* at 12-14.

The trial court summarized:

> The Commonwealth disapproved all of [Appellant's] complaints, concluding [ ] that each of them lacked prosecutorial merit. [Appellant] thereafter filed a "Complaint in Petition for a Writ of Mandamus" against Armstrong County District Attorney Kathleen M. Charlton. *See* CP-03-MD-0000036-2021. The [trial c]ourt dismissed the complaint at that case number and directed [Appellant] to instead file petitions for review under Pa.R.Crim.P. 506(B)(2) [(if Commonwealth disapproves the complaint, it shall provide reasons, and affiant may petition the court of common pleas for review of the decision). Appellant] then filed the instant petitions on June 21, 2021.[FN 1] The petitions collectively seek review of 13[FN 2] private criminal complaints.
>
> ---
>
> [FN 1] Although [Appellant's husband] also is a plaintiff in all of the related civil mandamus actions, only [Appellant] is listed as a complainant in the private criminal complaints under review.
>
> [FN 2] Although each of the seven petitions requests review of two private criminal complaints, there are in fact only a collective total of 13 complaints attached to the petitions.

Trial Ct. Op. 8/3/21, at 2.

After Appellant petitioned the trial court to review 13 of her dismissed complaints, the trial court ordered the Commonwealth to "clarify its reasons

for" dismissal. Trial Ct. Op. 8/3/21, at 2-3. The Commonwealth indicated "that it declined to further investigate or approve all of the private criminal complaints for both legal and policy reasons." *Id.* at 3. The Commonwealth stated specifically that none of the complaints set forth a *prima facie* case, the number of complaints and delay in filing of them "call their underlying merit into question," "the original 44 complaints were submitted together on two dates in December 2020 and February 2021, making investigation impossible[,]" Appellant had civil remedies available to her, and the Commonwealth "does not, as a matter of policy, become involved in municipal ordinance disputes[.]" *Id.*

On August 3, 2021, the trial court issued a single order denying Appellant's petitions requesting review. Appellant filed timely notices of appeal for each docket number.[4] Although the trial court did not issue a Pa.R.A.P. 1925(b) order, on September 29, 2021, Appellant filed concise

---

[4] Appellant has thus complied with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***See Walker***, 185 A.3d at 977 (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket), ***overruled in part***, ***Commonwealth v. Young***, 265 A.3d 462, 477 (Pa. Dec. 22, 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).

statements of errors complained of on appeal at six of the seven dockets.[5]

That same day, this Court *sua sponte* consolidated Appellant's appeals.

Appellant raises the following issue on appeal:

Whether the trial court erred and abused its[ ] discretion in the disapproving the seven private criminal complaints[? sic.]

Appellant's Brief at 4.

We first note our standard of review of a trial court's denial of a petition to review the Commonwealth's disapproval of a private criminal complaint: "[T]he appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is de novo and the appellate scope of review is plenary." **In re Miles**, 170 A.3d 530, 534 (Pa. Super. 2017).

We further note Appellant's *pro se* arguments are not entirely clear and seem to confuse issues. Nevertheless, we glean the following claims. Appellant avers the Commonwealth dismissed her private criminal complaints without providing her "any legal evaluation of her reasoning[.]" Appellant's Brief at 22. Appellant insists the Commonwealth has "a statutory responsibility to advise [ ] the reasoning behind [ ] disapproval." **Id.** at 23. Appellant maintains her private criminal complaints set forth *prima facie* cases

---

[5] Though Appellant states in each of her six 1925(b) statements the trial court ordered her to file a 1925(b) statement on August 3, 2021, it does not appear the trial court issued this order. **See** Appellant's Concise Statements of Errors Complained of On Appeal, 9/29/21, at 1. The trial court did, however, deny her petitions for review of private criminal complaints on August 3, 2021. Order, 8/3/21.

for each alleged violation and as such, warranted the Commonwealth to pursue further investigation. *Id.* at 24. Appellant argues "Apollo Borough employees . . . have lied to [her,] committed perjury[, and have filed] false attestations [sic]." *Id.* at 26.

Appellant raises further arguments in her "summary of the argument" section of her brief. There, she accuses Police Chief Kier, Borough Manager McDermott, Zoning Officer Troup, and Borough Secretary Shupe of "lying on the witness stand, withholding evidence, and obstructing justice[.]" *See* Appellant's Brief at 18. Appellant asserts these witnesses testified to various things but does not present any further argument. Appellant has also filed a reply brief. We conclude no relief is due.

A private criminal complaint must successfully establish a *prima facie* case against the alleged perpetrator. *Miles*, 170 A.3d at 534-35 (citations omitted).

> [E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.
>
> The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be

implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

**Miles**, 170 A.3d at 534-35.

"It is well-settled that, if the Commonwealth disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for review . . . ." **In re Private Crim. Complaints of Rafferty**, 969 A.2d 578, 581 (Pa. Super. 2009). **See also** Pa.R.Crim.P. 506(A) (private criminal complaint "shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay"), (B)(2).

When the Commonwealth denies a private criminal complaint "on a hybrid of legal and policy considerations," the trial court reviews this decision for an abuse of discretion. **Miles**, 170 A.3d at 534-35. As stated above, this Court will then review the trial court's decision for an error of law. "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." **See id.** at 534.

The Pennsylvania Crimes Code defines perjury under Subsections (a), (b), and (e) as follows:

> **(a) Offense defined —** A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.
>
> **(b) Materiality —** Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law.

\* \* \*

**(e) Inconsistent statements —** Where the defendant made inconsistent statements under oath or equivalent affirmation, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant. In such case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true.

18 Pa.C.S. § 4902(a), (b), (e).

The crime of false swearing is defined as follows:

**(a) False swearing in official matters —** A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true is guilty of a misdemeanor of the second degree if:

**(1)** the falsification occurs in an official proceeding; or

**(2)** the falsification is intended to mislead a public servant in performing his official function.

18 Pa.C.S. § 4903(a)(1)-(2).

The Pennsylvania Crimes Code defines intimidation of witnesses or victims, in part, as:

**(a) Offense defined. —** A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

\* \* \*

**(3)** Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge[, or]

- 10 -

**(4)** Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

18 Pa.C.S. § 4952(a)(3)-(4).

A person obstructs administration of law or other government functions when they

intentionally obstruct[ ], impair[,] or pervert[ ] the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act . . .

18 Pa.C.S. § 5101.

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we conclude the trial court's August 3, 2021, opinion thoroughly addresses and properly disposes of Appellant's claim on appeal. Accordingly, we rest on its well-reasoned bases. *See* Trial Ct. Op. at 5-8 (regarding Appellant's private criminal complaints that Police Chief Kier committed perjury in testifying that Appellant owns a vacant building that was previously "cited as vacant while owned by [Appellant's] predecessor[,]" Appellant's accusations do "not suggest that [he] or any other individuals knowingly lied"), 9-10 (pertaining to Appellant's private criminal complaints that Zoning Officer Troup committed perjury for testifying that she sent Appellant an information packet that included Apollo's vacancy ordinance, Appellant merely challenged a nonmaterial disagreement about the receipt of the information, and the question of whether Appellant was in violation of an Apollo vacancy ordinance was properly decided by the trial court at her

summary proceeding), 10-11 (in reference to Appellant's private criminal complaints that Borough Manager McDermott also committed perjury and false swearing by stating Appellant violated the vacancy ordinance and the previous owners were cited for owning a vacant building, Appellant did not establish a *prima facie* case as she merely disagreed with Borough Manager McDermott's statement), 11-15 (regarding Appellant's private criminal complaints that Borough Secretary Shupe committed intimidation of a witness or obstruction of administration of law, Appellant does not allege how Shupe's responses to her RTKL and FOIA requests violate Subsection 5101, but instead alleges Shupe's responses were inadequate, and further Appellant "alleges no facts establishing that Shupe intended to obstruct" court proceedings or "intentionally withheld any information" as Subsections 4952(a)(3) and (a)(4) require), 7-9, 11-12, 14-15 (furthermore, the trial court determined the Commonwealth's policy considerations were independently valid and sufficient to support dismissal of each private criminal complaint). As we agree with the trial court's well-reasoned analysis, we affirm the order denying Appellant's petitions for review.

We direct that a copy of the trial court's August 3, 2021, opinion be filed along with this memorandum, and attached to any future filings of this memorandum.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/19/2022