J-S01033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WAYNE PRATER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUNTINGDON COUNTY DISTRICT | : | No. 593 MDA 2024 |
| ATTORNEY'S OFFICE | : | |

Appeal from the Order Entered April 11, 2024
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  2023-01054

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: FEBRUARY 11, 2025**

Wayne Prater ("Appellant") appeals, *pro se*, from the order entered by the Court of Common Pleas of Huntingdon County denying his petition filed pursuant to Pennsylvania Rule of Criminal Procedure 506[1] to review the Commonwealth's disapproval of his private criminal complaint.  We affirm.

The trial court sets forth the relevant facts and procedural history:

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Crim.P. 506 "authorizes private citizens to file criminal complaints against other persons before the appropriate issuing authority.  Before doing so, however, the private criminal complaint must first be submitted to an attorney for the Commonwealth for approval or disapproval.  If the attorney for the Commonwealth disapproves the filing of the private criminal complaint with the issuing authority, Rule 506 thereafter permits the private complainant to petition the court of common pleas to review the disapproval decision." *In re Ajaj*, 288 A.3d 94, 96 (Pa. 2023) (footnotes omitted).

Petitioner's complaint arises from an alleged assault against him by a corrections officer at SCI-Huntingdon. He filed a private criminal complaint with Respondent [Huntingdon County District Attorney's Office] regarding the alleged assault in or around August 2023. Originally, Petitioner received no response. This led him to file [an] action seeking both to compel review and decision by Respondent [Huntingdon County District Attorney's Office] as required by Pa.R.Crim.P. 506(B)(2) and review by [the Court of Common Pleas] of the presumed disapproval of the private criminal complaint under that same rule.

Per Exhibit "B" attached to the answer filed by Respondent, Respondent provided the required response on March 5, 2024. The response was via a written notation on the bottom of the first page of Petitioner's private criminal complaint and a separate letter sent with the disapproval (the letter providing more detail than the notation). The full response in the letter is as follows:

> I am declining your request for approval of a private criminal complaint. Your allegations were submitted to the Department of Corrections Office of Special Investigations and Intelligence for an investigations [*sic*]. Based on their review of your allegations, DOC documentation and reports, as well as video footage, they deemed your allegations to be without merit. I concur in their results. Accordingly, your request for a private criminal complaint is denied.

The response shows that Respondent has investigated the complaint appropriately, as is his duty under the controlling law, and has acted within his discretion in determining not to pursue criminal charges.

Trial Court Order, 4/10/24 at 2.

On appeal, Appellant raises the same issues he raised below, which we reproduce herein:

1. Was Complainant denied the equal protection of law when Huntingdon County District Attorney's Office refused to file criminal charges against Defendant's [sic] after Aggravated Assault and Battery?

- 2 -

2. Did the Huntingdon County District Attorney's Office breach its oath of office when they intentionally didn't send Complainant a copy of decision to his legal address of record by mail in violation of Pa.R.Civ.P. Rule 403? . . . Is this action deemed/considered to be bad faith and fraud?

3. When Huntingdon County District Attorney's Office intentionally lied to the court is this considered a Fraudulent, Dishonest or corrupt purpose as defined in Private Complaint filed by Luay Ajaj, 288 A.3d 94, 203 Pa. Lexis 56?

4. When Complainant presented MRI evidence of the damage/injury done to his right shoulder after Aggravated Assault & Battery on 12/2/22, does it show that Huntingdon DA's Office abused its discretion, [because medical evidence contradicted the investigation done by Defendants], which amounted to bad faith, fraud, and Unconstitutionality?

5. Because Complainant is an inmate is he not entitled to equal protection of law and to be free of cruel and unusual punishment by correctional officers and to be free of discrimination, bias, and bigotry from Huntingdon County District Attorney?

6. Does the MRI evidence of right shoulder injury show that Huntingdon County District Attorney's Office decision was patently discriminatory, arbitrary or pretextual and therefore not in the interst [sic] of justice for Complainant or the public?

Brief of Appellant, at 2-3.

Appellant's issues coalesce to allege that the Huntingdon County District Attorney committed "misfeasance, malfeasance, [and] nonfeasance in public office" by refusing to file criminal charges in response to his private criminal

complaint.[2]  Our Supreme Court has set forth the standard of review a court of common pleas must apply when reviewing a prosecutor's disapproval determination under Rule 506(B).

> We hold that, when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. In so holding, we denounce the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision. In addition, for purposes of determining whether the

---

[2] Among the allegations Appellant raises in his brief is that, as an inmate, he was entitled to, but denied, the equal protection of law when the district attorney refused to file criminal charges against the corrections officer in question.  To the extent this allegation asserts a violation of his rights under the Fourteenth Amendment, we note it is well-settled that inmates are not a suspect class by virtue of their incarceration.  *Jae v. Good*, 946 A.2d 802, 808 n. 13 (Pa.Cmwlth. 2008) (citing *Abdul–Akbar* [*v. McKelvie*, 239 F.3d 307, 317–18 (3d Cir. 2001)]).  *See also Smith v. Beard*, 26 A.3d 551, 560 (Pa. Cmwlth 2011).  Appellant is African American, however, which does make him a member of a suspect racial class under Fourteenth Amendment jurisprudence.  Nevertheless, he neither claims nor insinuates that there existed either a classification system or other tacit policy or practice within the District Attorney's Office that implicated the suspect class to which he belongs, nor does he articulate how he was treated differently than any other similarly situated private citizen who files a private criminal complaint with the District Attorney.  He fails, moreover, to offer anything other than bare allegations of unlawful punishment by the corrections officer who dealt with him when he sustained his injury and of bigotry, bias, and discrimination on the part of the District Attorney's Office in its review of the DOC investigation.  Therefore, although Appellant suggests he raises viable constitutional challenges that undermine the District Attorney's disapproval decision, we find them both insufficiently developed and unsupported by the record.

prosecutor's disapproval decision amounted to bad faith, we ... hold that bad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose. We note that the adoption of the foregoing standard of review ensures that a court of common pleas will afford proper deference to the discretionary decision of the prosecutor—a member of the executive branch of the Commonwealth's government.

*Ajaj*, 288 A.3d at 109–10 (citations omitted).

Appellant argues that one may infer from the district attorney's initial failure to respond to his request for a private criminal complaint a bad faith, fraudulent, or unconstitutional purpose behind the district attorney's ultimate decision to disapprove the request. "These [attempts to conceal] are the actions of a [sic] Authoritarian or Neo-Nazi operation from the entire Huntingdon County District Attorney's Office, which can Not be Tolerated." Brief for Appellant, at 11 [emphasis deleted]. We disagree.

As this court has noted,

a private criminal complaint must "set forth a *prima facie* case of criminal conduct." *See Ajaj*, 288 A.3d at 97 (citation omitted). A prosecutor is duty bound to bring only those cases that are appropriate for prosecution. *In re Miles*, 170 A.3d 530, 535 (Pa. Super. 2017) (citation omitted). Further, if a prosecutor "has decided that criminal charges were not warranted[, t]he judicial branch must tread lightly when interfering with that judgment call." *Commonwealth v. Harrison*, ––– A.3d ––––, 2023 PA Super 244 (filed Nov. 28, 2023).

*In re Capper*, (non-precedential decision) 315 A.3d 106 (Pa. Super. 2024).[3]

---

[3] Under Pa.R.A.P. 126(b), we may cite and rely on non-precedential decisions filed after May 1, 2019, for their persuasive value.

Appellant's request for a private criminal complaint was based on his incurring a shoulder injury at the hands of a corrections officer at SCI-Huntingdon. As noted, *supra*, although initially failing to respond to Appellant, Huntingdon County District Attorney David Smith authored a letter in response explaining to Appellant that he submitted Appellant's allegations to the Department of Corrections Office of Special Investigations and Intelligence for an investigation into the complaint. After a review of all pertinent evidence, including Appellant's own statement, DOC documentation and reports, and video footage of the incident, the Office of Special Investigations and Intelligence determined Appellant had not set forth a *prima facie* case of criminal conduct committed by the corrections officer. District Attorney Smith added that his own review led him to concur in the conclusion drawn by the DOC investigators.

Given both this record and the highly deferential standard of review applicable to a prosecutor's decision disapproving a private criminal complaint, *see Ajaj*, *supra*, we discern no error with the trial court's order concluding that neither bad faith, fraud, nor unconstitutional conduct attended the Huntingdon County District Attorney's Office disapproval decision in this matter.

Accordingly, we affirm.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/11/2025